NICHOLAS SCHAEFFER, Respondent, *v.* THE MISSOURI HOME INSURANCE COMPANY, JOHN FINN, STOCKHOLDER, Appellant.

1. *Insurance company — Judgment against, prima facie evidence of its corporate existence.*—For the purpose of a motion against the stockholders of an insurance company, a judgment against the company is *prima facie* evidence of its corporate existence at the time the judgment was rendered. If the stockholder would resist his liability as such on the ground of irregularities in the organization of the company, or on the ground of deficiencies therein, he should point them out and make some proof of them.

2. *Insurance company — Subscription makes subscriber stockholder, though he fails to meet subsequent calls — Subscription fraudulently obtained, not necessarily void.*—The subscription for shares of stock in an insurance company made the subscriber a stockholder of the company, although he failed to meet the subsequent calls thereon; and it made no difference that certificates of stock were not in fact issued. And a subscription for stock fraudulently and collusively obtained is not necessarily void. Notwithstanding the fraud or collusion, the law will hold the parties bound by their subscriptions, and under obligations to comply with all the terms and responsibilities imposed upon them thereby.

*Appeal from St. Louis Circuit Court.*

*R. S. McDonald,* for appellant.

I. There was no proof that the Missouri Home Insurance Company was ever organized, or that it ever had a corporate existence for any purpose whatever. (See Gen. Stat. 1865, ch. 67, § 7; 10 Wend. 266.)

II. There is no proof that Finn signed articles of association, and not having signed he did not become a stockholder under the provisions of section 4. Then he was not liable on the paper introduced in evidence. (Troy R.R. Co. v. Tibbits, 18 Barb. 297; Poughkeepsie R.R. v. Griffin, 24 N. Y. 150.)

III. As Finn paid nothing, he was not a stockholder, and his pretended subscription can not be enforced. (Gen. Stat. 1865, ch. 67, § 4; Hibernia Turnpike Co. v. Henderson, 8 Serg. & R. 219.) This was a case of first impression in this court. The case decided in 31 Mo. 19, North Missouri R.R. v. Mills, is not a parallel one. There the company was chartered and organized, and there was a direct promise to pay, and the court alludes to

the promise to pay. In this case the signing is a mere preliminary step to a second signing. Here no amount is specified by the signer.

IV. The act of putting figures at the end of Finn's name, no matter by whom done, was a fraud and a forgery upon Finn.

V. This being an ordinary contract, and being in blank, is therefore void.

VI. The only competent proof of what the articles of association contain is by showing them in court ; and further, by showing that they have been signed and filed in the office of the circuit clerk. (See Erie R.R. Co. v. Owen, 32 Barb. 616, in connection with section 4, chapter 67, Gen. Stat. 1865.)

*Slayback & Haeussler*, for respondent.

CURRIER, Judge, delivered the opinion of the court.

The plaintiff recovered judgment against the Missouri Home Insurance Company, upon which an execution was duly issued against the effects of that company. It was returned *nulla bona*, whereupon the plaintiff, in pursuance of the statute (Wagn. Stat. 291, § 13), moved for an execution against John Finn, the defendant herein. The motion recited the fact of the judgment and of the return of the execution as above stated, and then alleged that Finn held ten shares of the capital stock of said insurance company, of the par value of $1,000. On the hearing of the motion before the court, but one point was contested, namely : whether Finn was a stockholder as alleged. The plaintiff gave evidence tending to show that he was, and the court so found the fact to be. But the defendant complains of the action of the court in refusing certain declarations of law, one of which was to the effect that the plaintiff was not entitled to recover. This declaration is based upon the assumption that the corporate existence of the insurance company was not sufficiently shown. For the purposes of the motion, we think the judgment against the company was *prima facie* evidence of its corporate existence, at the time that judgment was rendered. So much is implied in the judgment, and this is merely a proceeding for an execution

thereon against Finn as a stockholder. If he would resist his liabilities as such on the ground of irregularities in the organization of the company, or on the ground of defects and deficiencies therein, he should point out such irregularities, defects, or deficiencies, and make some proof of them. He did neither. There was no written answer to the plaintiff's motion, nor was there any proof submitted at the trial on the part of the defendant, except on the single point of his subscription for stock and his subsequent acts in relation thereto. This disposes of the main matters urged in this court. The other instructions refused either lacked a basis of evidence on which to found them, or announced incorrect propositions of law.

The court found, as a matter of fact, that the defendant subscribed for ten shares of the stock. That constituted him a "stockholder" within the meaning of the statute, although he failed to meet the subsequent calls thereon. The company might have sued him on his contract of subscription, and enforced the payment of the assessments, as he might have paid the assessments and insisted upon his right to the stock. The subscription constituted a contract between him and the company, and secured certain rights which the parties respectively might enforce (Ang. & Ames on Corp., § 517), and it made no difference that certificates of stock were not in fact issued. (*Id.*, § 565.) A subscription for stock fraudulently and collusively made is not necessarily void. Notwithstanding the fraud or collusion, the law will hold the parties bound by their subscriptions, and compellable to comply with all the terms and responsibilities imposed upon them thereby. (*Id.*, § 146.) These responsibilities can not be evaded by a mere notice to the officers of the corporation that the subscriber does not choose to take stock in accordance with the subscription contract.

The judgment will be affirmed. The other judges concur.