## THE WESTERN RAIL ROAD COMPANY v. JOSEPH AVERY.

Where the charter of a Rail Road Company provided, that upon the failure by subscribers to its stock to pay instalments as called for, "the directors may sell at public auction " &c. such stock, and, in case enough were not produced thereby to satisfy the subscription, might sue for and recover the balance from such subscriber.

*Held,* that upon a failure by a subscriber to pay instalments as called for, it was optional with the company to bring suit against him without *making sale* as above *or,* to sell, and sue for the balance.

*Also,* that the plea of the statute of limitations barred a recovery of so much of such subscription as was included in calls made more than three years before suit was commenced.

ASSUMPSIT, tried before *Buxton, J.,* at Spring Term 1870 of CUMBERLAND Court.

The action was commenced on the 4th day of May 1859, and the plaintiff declared upon a subscription by the defendant for two shares of its stock, of one hundred dollars each, on the 26th day of June 1855. The pleas were, The General Issue, and, Statute of Limitations.

The evidence showed that *calls* had been made duly upon the defendant, of twenty per cent. upon his subscription, on the 1st of September 1855, and subsequently, from time to time, of other instalments, until 1st January 1857, when the residue had been required; and that, although repeatedly demanded, no part had ever been paid.

By the charter, Acts of 1852–'3, c. 147, s. 9, it was provided that upon failure of subscribers to pay calls, "the directors may sell, at public auction," &c., their stock, and, in case such sale did not produce the amount subscribed, may sue for and recover the balance from such subscribers. In the present case no such proceeding had been resorted to.

The defendant submitted that suit could not be maintained without a previous resort to a sale of the stock; and also, that by the statute of limitations, a recovery was barred for

the whole subscription, or at all events, for so many of the instalments as had been called for at times more than three years anterior to the commencement of the suit.

His Honor overruled both objections, and, in accordance with his instructions, there was a verdict and judgment for the plaintiff, for the whole amount of the subscription, with interest.

The defendant appealed.

*T. C. Fuller,* and *Phillips & Merrimon,* for the appellant.
*W. McL. McKay, contra.*

SETTLE, J. We are of opinion that the method prescribed for the collection of stock by the ninth section of the charter, is not an exclusive, but a cumulative remedy, and that the company had its option to pursue the course there pointed out, or to sue the defendant upon his personal liability. If the charter had provided that no other remedy should be pursued, or if there had been a general law to that effect, the first position of the defendant could have been maintained, but in the absence of such provisions the law is settled, that the remedy given by the charter is only additional to the common law remedy; 1 Redfield on Railways, 162.

Upon the second point we have had more difficulty, but after a careful examination of authorities, we have arrived at the conclusion, that the statute of limitations commenced to run on each instalment, from the day upon which the call for its payment was made. When the defendant became a stockholder, he agreed to pay such instalments as the board of directors might, from time to time, call for, and when he failed to do so, he at once became liable, not only to the remedy prescribed by the ninth section of the charter, but also to an action of assumpsit for such instalments as had been demanded and were then due. The company elected

to waive the remedy given by the charter. Of course then, the statute commenced to run when the cause of action accrued, to-wit: as to each instalment, when it became due by the call of the company: 3 Parsons on Contr. 93. If a bill or note be payable by instalments, the statute begins to run from the date of each instalment respectively: *Gray* v. *Pindar*. 2 B. & P. 427.

As there was error in the instructions of his Honor on this point, the defendant is entitled to a *venire de novo*.

Let this be certified.

PER CURIAM.                                        *Venire de novo.*