GLENN, Trustee, etc., v. SPRINGS and others.

*(Circuit Court, W. D. North Carolina. December Term, 1885.)*

1. CORPORATION—DECREE AGAINST—EFFECT AS TO STOCKHOLDERS.
    Except in the case of fraud, a decree against a corporation is conclusive against a stockholder thereof, even though there was not personal service upon him.

2. SAME—CHANGE OF NAME—STOCKHOLDERS, HOW AFFECTED.
    The change of the name of a corporation does not relieve the stockholder of liability.

3. SAME—BOOKS—EVIDENCE AS TO SUBSCRIBERS TO STOCK.
    The books of a corporation are *prima facie* evidence of subscription by those whose names appear thereon as owners of stock.

BOND, J. The above suit was brought to recover an assessment of 30 per cent. upon the stock subscribed for by defendant in the National Express & Transportation Company, incorporated by the legislature of the state of Virginia in the year 1865; the said assessment having been made upon the stock and stockholders of said company by the chancery court of the city of Richmond, in a suit therein pending by Glenn, administrator, and others, creditors, against the said corporation.

This court is of opinion that most of the matters set up as defenses cannot avail these defendants, because the decree, rendered on the fourteenth day of December, 1880, by the chancery court of the city of Richmond, is conclusive against a stockholder, although there was no personal service upon him, unless fraud in obtaining the decree is shown, and no fraud in this case has been alleged. Mor. Corp. 619; Abb. Corp. 403, 405–407.

Now the decree is decisive—*First*, as to the fact that there was no laches upon the part of the corporation or its trustees previous to the signing of the decree; *secondly*, as to the statute of limitations; *thirdly*, as to the existence of *bona fide* debts against the company; *fourthly*, as to informalities in the incorporation; and, *fifthly*, as to the want of power in the trustee to make the call. Mor. Corp. 144, 145; *Upton v. Tribilcock*, 91 U. S. 45, 55. All these defenses are precluded by the decree.

Now the decree also settles the question that the mere change of name from the National Express Company to the National Express & Transportation Company does not avoid the liability of the stock-

holder. Thomp. Liab. Stockh. § 111; *Blackburn's Case,* 8 De Gex, M. & G. 177.

The defenses not covered by the decree are not sufficient to prevent a recovery by the plaintiff, for it is well settled that the books of a corporation are *prima facie* evidence of subscription by those whose names appear thereon as owners of stock. *Turnbull* v. *Payson,* 95 U. S. 418. So, also, it is well settled that the substituted trustee is the proper plaintiff in a court of law. *Glenn* v. *Williams,* 60 Md. 93; *Sanger* v. *Upton,* 91 U. S. 58; Code Va. c. 174, § 8.

The call in this case was made by the Richmond court on the fourteenth day of December, 1880. The writ issued on the sixteenth day of November, 1883. Three years not having elapsed, the statute of limitations is no bar on account of the lapse of time since the signing of said decree. *Western R. Co.* v. *Avery,* 64 N. C. 491 *et seq.*

The defenses being disposed of, the case is simply this: A stockholder owning 80 per cent. of his subscription asked to be relieved from liability, although the record shows that there are meritorious creditors of the company unpaid. No sufficient reason has been given why this defendant should be relieved from his contract.

Let judgment be entered for the plaintiff.