AUGUSTA SOEDING, Respondent, v. THE BONNER & ZOLLNER IRON COMPANY, Appellant.

St. Louis Court of Appeals, April 2, 1889.

1. **Witness:** CONTRACT WITH DECEASED PERSON. B., the principal stockholder in a corporation, transferred certain shares to S. which, by agreement, were entered on the books in the name of S.'s wife, who is the present plaintiff. In this suit against the corporation for dividends declared but not paid to the plaintiff, it appeared from the evidence that the corporation was formed by B.'s converting his private business into a corporate undertaking, and turning over his business property to the corporation for the stock entered in his name. At the trial, B. was offered as a witness for the defendant to prove, among other matters of defense, that neither the plaintiff nor her husband had ever paid anything for their stock. S. had theretofore died. *Held*, that although the controversy was nominally between the plaintiff and the corporation, yet in effect it was one between the plaintiff and B., who was alone responsible to the corporation for the consideration of the stock; and that he, either as the real contracting party, or as the sole contracting agent for the corporation with the other contracting party, now deceased, was incompetent to testify under the statute.

2. **Corporation:** OWNERSHIP OF STOCK. The plaintiff having made a *prima-facie* showing of ownership of the stock under consideration, and the only rebutting testimony offered by the defendant having been properly excluded, there remains no ground for a claim by the defendant that it may withhold the dividends from the plaintiff until a controversy about her title to the stock shall be determined.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Mortimer F. Taylor* and *R. L. McLaran*, for the appellant.

(1) The plaintiff did not prove ownership, and it is necessary to prove ownership in order to recover for dividends ; mere possession is not sufficient. *Hughes v. Min. Co.*, 72 N. Y. 207 ; *Dow v. Min. Co.*, 31 Cal. 629. (2) And the fact that the name of the party appears on the books of the corporation, as a shareholder, is not *prima-facie* evidence that such party is the legal owner of such stock. (3) The court erred in excluding the testimony of Samuel Bonner. A stockholder in a corporation is a competent witness in a suit against the corporation. *Barclay v. Ins. Co.*, 21 Mo. 490 ; *Bredow v. Sav. Inst.*, 23 Mo. 181. (4) Bonner was not a party to the contract, and had no such interest in the result of the suit as should disqualify him as a witness under the statute. *Stanton v. Stewart*, 41 Mo. 511 ; *Looker v. Davis*, 47 Mo. 140 ; *Martin v. Jones*, 59 Mo. 187 ; *Delaney v. Rogers*, 63 Mo. 203 ; *Angell v. Hestel*, 64 Mo. 142 ; *Sitton v. Shipp*, 65 Mo. 305 ; *State v. Mieners*, 66 Mo. 429 ; *Bradley v. West*, 68 Mo. 72 ; *Hughes v. Israel*, 73 Mo. 546 ; *Chapman v. Dougherty*, 87 Mo. 617 ; *Meier v. Thieman*, 90 Mo. 433 ; *Williams v. Edwards*, 94 Mo. 451.

*Collins & Jamison*, for the respondent.

The only point to be decided by this court is as to the competency of Samuel Bonner to testify, taking into consideration all the facts and circumstances of the case. The record shows that he has been since the incorporation of defendant, and is now, its president and owner of three-fifths of its capital stock. The evidence offered by plaintiff in rebuttal also establishes the fact that the defendant incorporated in 1882 with five hundred shares of paid up stock with Samuel Bonner owning four hundred and seventy-four shares, Frank Zollner twenty-five

shares and Chas. Soeding one share; that of the four hundred and seventy-four shares owned by Bonner he sold to Soeding the ten shares in dispute, nine of which, by agreement between Bonner and Chas. Soeding were placed in the name of Augusta Soeding (plaintiff), and one share in the name of said Chas. Soeding; these facts in rebuttal go to the very gist of Samuel Bonner's competency to testify in the case. He was, therefore, incompetent to testify, first on account of his being the president and owner of three-fifths of the capital stock of defendant, and was present and ratified and approved of the alleged contract between Zollner and Soeding; and second, on account of his being the vendor of the ten shares of stock sold to Charles Soeding out of stock owned by himself (Bonner), Charles Soeding being dead at the time of the trial. *Williams v. Edwards*, 94 Mo. 447; *Butts v. Phelps*, 79 Mo. 302; *Meier v. Thieman*, 90 Mo. 433; *Chapman v. Doughterty*, 87 Mo. 617; *Ring v. Jamison*, 66 Mo. 424; *Angell v. Hester*, 64 Mo. 142; *Lewis v. Weisenham*, 1 Mo. App. 222; *Kellog v. Malin*, 62 Mo. 432. "The true distinction is that where one of the original parties to the contract or cause of action is dead, the other party to such contract or cause of action will not be permitted to testify to any fact which he would not have been permitted to testify to at common law; that he then stands in precisely the same position as if the statute allowing parties to testify had not been enacted." *Angell v. Hester*, 64 Mo. 142; *Ring v. Jamison*, 66 Mo. 424.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff, in her petition, states that she is the owner of ten shares of the capital stock of the defendant company, upon which dividends aggregating $364.63

were heretofore declared by defendant's board of directors, out of the company's net earnings, which dividends remain unpaid to her. That she has demanded payment thereof and was refused, wherefore she sues.

The defendant denied these allegations by answer, and set up the following affirmative defense. That in June, 1882, it transferred and sold to plaintiff's husband, Charles Soeding, ten shares of its capital stock at the price of one thousand dollars, being its par value, which shares for convenience sake, were placed on the books in plaintiff's name. That neither plaintiff nor her husband paid anything for said stock. That subsequently, the company made a gift of three of these shares to Charles Soeding, and it was then agreed that the remaining seven shares should be credited with accruing dividends, until their purchase price with six per cent. interest was repaid to the company, by such dividends. That in violation of said agreement, Charles Soeding in his lifetime drew $462.38, as for dividends on said stock, although the dividends from date of transfer to date of his death, amounted only to $365.63. That the amount due the defendant on account of said stock, principal and interest is $1090.72. That the defendant is willing to release all claims on said stock and pay all dividends due thereon, if the amount thus due it is first paid.

The new matter in the answer was denied by reply.

Upon the trial of the cause by the court without a jury, there was a judgment in plaintiff's favor for the dividends sued for with interest, and the defendant appeals.

Upon the trial of the cause, the plaintiff gave evidence tending to show the following facts: The defendant's articles of association provided for a total stock of five hundred shares, out of which number, one Bonner subscribed for four hundred and seventy-four, one Zollner for twenty-five and plaintiff for one. Bonner subsequently transferred, out of his four hundred and

seventy-four shares, nine to the plaintiff's husband, and they were put in plaintiff's name on the company's books. Charles Soeding thereafter died, and the one share subscribed for by him was turned over by the public administrator in charge of his estate to the plaintiff, his widow. The nine shares of stock remained in plaintiff's name on the books of the company, and the dividends sued for were credited on said books to said stock.

The defendant thereupon, in order to establish the affirmative defense set up in its answer, called Bonner as a witness. The plaintiff objected to his competency, among others, upon the ground that the matter in controversy grew out of a contract or transaction between Bonner and Soeding, and that Soeding being dead, Bonner was incompetent to testify. The court received Bonner's evidence, subject to this objection. When it appeared by such evidence that all the material part thereof related to what had passed orally between witness and Soeding, touching his stock transaction, the court, upon plaintiff's renewed objection, rejected Bonner's evidence on the ground that he was an incompetent witness to prove such facts.

This ruling of the court is the main error complained of.

It will be seen from what has been stated above, and which appears more fully by Bonner's own evidence, that the controversy in this case, while nominally one between plaintiff and defendant, is in effect one between plaintiff and Bonner. It stands conceded that when the corporation was organized, it was in substance a converting of Bonner's business into a corporate business. Bonner subscribed for four hundred and seventy-four out of the five hundred shares of stock, and, as far as appears, gave no other value for it, than his property turned over to the corporation. The shares claimed by plaintiff are part of the four hundred and seventy-four

thus subscribed for by Bonner, for the consideration of which Bonner, and not the plaintiff, or plaintiff's husband, was responsible to the corporation. *Schaeffer v. Ins. Co.*, 46 Mo. 250. If Bonner subsequently sold part of these shares to the plaintiff's husband, the contract was one essentially his own, even though the corporation assented to it, and even though the benefit of it nominally was to be derived by the corporation. Under the ruling in *Meier v. Thieman*, 90 Mo. 442, 444, Bonner was an incompetent witness, inasmuch as the contract in question was his own, and under the ruling in *Williams v. Edwards*, 94 Mo. 447, he was incompetent in so far as it was the contract of the corporation for whom he was the sole contracting agent with the party to the contract, since deceased. In either view of the case he was an incompetent witness to establish the facts in controversy.

Conceding as we must, that Bonner's evidence was properly rejected, and the defendant's second assignment of error has nothing in the record to rest upon. That assignment is, that there is a dispute in regard to the true ownership of this stock, and hence the corporation is justified to decline payment of dividends until such controversy is determined in proper proceedings. The plaintiff has by her evidence made a *prima-facie* case, showing ownership in herself and a right to recover the dividends sued for. The defendant's evidence showing a controversy as to the title, being properly rejected, there is nothing in the record which presents the point urged in the second assignment.

Judgment affirmed. All the judges concur.