170:32 LRA
32 LRA

MUTUAL FIRE INSURANCE CO. *v.* PHŒNIX FURNITURE CO.[1]

1. JUDGMENTS—CONCLUSIVENESS.

   Judgments and decrees cannot be attacked collaterally because they include items which courts, other than those by whom they were rendered, might hold to be illegal.

2. SAME—FOREIGN JUDGMENT.

   A judgment of a court of one State, having jurisdiction of the parties and of the subject-matter, is conclusive in the courts of a sister State, the only remedy being by direct proceedings in the original cause.

3. CORPORATIONS—RELATION OF STOCKHOLDERS THERETO—CONCLUSIVENESS OF JUDGMENT.

   Each stockholder or member of a corporation is so far an integral part thereof that, in a suit brought to determine the amount of the indebtedness of the corporation preparatory to an assessment upon the stockholders to pay the same, he is represented through the corporation itself, and bound and concluded by the determination therein. MCGRATH, C. J., and LONG, J., dissenting.

4. SAME—FOREIGN JUDGMENT.

   Upon the appointment of a receiver for an Illinois mutual fire insurance company in a court of that State, there were turned over to him certain notes given by Michigan policy holders, payable at such times as the directors of the company might order and assess for the losses and expenses of the company. A decree was entered, upon evidence placed before the court, determining the amount of assets and debts of the company, and the assessment necessary to liquidate said indebtedness, which, as shown upon the face of the decree, included certain unearned or return premiums, for the payment of which said policy holders, under the decision in *Insurance Co.* v. *Merrill*, 101 Mich. 393, were not liable. *Held,* that said decree was conclusive upon the policy holders in a suit brought in this State to enforce assessments made by the receiver against them upon said notes. MCGRATH, C. J., and LONG, J., dissenting.

---

[1] This case, and that of *Warner* v. *Delbridge & Cameron Co.*, decided by this court July 31, 1896, are reported in 34 L. R. A. 694, 701, together with a note collecting the authorities bearing upon the main question.

Error to Kent; Grove, J. Submitted January 31, 1895. Reargued October 22, 1895. Decided December 31, 1895.

*Assumpsit* by the Mutual Fire Insurance Company of Chicago against the Phœnix Furniture Company to collect an assessment upon certain premium notes. From a judgment for plaintiff, defendant brings error. Affirmed. The facts are stated in the opinion found in the margin, which was filed May 28, 1895, upon the first submission of the case, but which was withheld from publication pending a rehearing.

*Fletcher & Wanty*, for appellant.

*D. J. Schuyler* and *Mark Norris*, for appellee.

GRANT, J. After a full argument upon the rehearing of this cause, we are satisfied that we were in error in reversing the judgment. The testimony was not returned, and the case is before us on findings of fact and law, to which no exceptions were taken. The sole question, therefore, is, do the facts found support the judgment?

---

OPINION FILED ON ORIGINAL HEARING.

McGRATH, C. J. The receiver of the Mutual Fire Insurance Company of Chicago, a corporation organized under the statutes of Illinois, brings suit upon certain premium notes, of one of which the following is a copy:

"CHICAGO, Ill., May 1, 1889.

"For value received in Policy No. 5739, dated the 1st day of May, 1889, we promise to pay the Mutual Fire Insurance Company the sum of two hundred and forty dollars, by installments, at such time as the directors of said company may order and assess for the losses and expenses of said company, pursuant to its charter and by-laws. It is hereby expressly understood and agreed that this note is not transferable, and that there is no liability beyond the face amount thereof.

"The secretary is authorized to number and date application and note No. 5739.

"PHŒNIX FURNITURE CO.
"R. W. MERRILL, Treasurer."

In October, 1890, the auditor of public accounts of the State of Illinois filed a petition in the circuit court for the county of Cook, in chancery, and procured the appointment of a receiver. After-

We held, in *Detroit, etc., Ins. Co.* v. *Merrill,* 101 Mich. 393, that the defendants, under such a note, were not liable to an assessment for unearned or return premiums. That case would, of course, control this, unless the decree of the Illinois court is conclusive upon the courts of this State. The Constitution of the United States declares that "full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State." Article 4, § 1. In the early case of *Mills* v. *Duryee,* 7 Cranch, 481, it was held that the decrees and judgments of the courts of one State were conclusive in the courts of sister States. This case has since been uniformly followed. Where a court has jurisdiction of the cause and of the parties, its judgment is conclusive in other courts, and the only remedy is by direct proceeding in the original cause. *Hanley* v. *Donoghue,* 116 U. S. 4; *Cole* v. *Cunningham,* 133 U. S. 111; *Bonesteel* v. *Todd,* 9 Mich. 371. It is conceded that as against the corporation itself, and the directors and officers thereof, the rule applies. It is, however, contended that

wards, upon the receiver's petition, the court determined and decreed the amount of the indebtedness of the company to be $113,125, made up as follows:

"Upon claims for losses which had been admitted by the company, the sum of $62,379.04; upon like claims in dispute, the sum of $27,886.84; premiums due other insurance companies upon their policies placed by the plaintiff, salaries, sundry expenses, attorneys' fees, advertising, and taxes, the sum of $2,859.12; unearned premiums on cash policies, estimated at $20,000."

The court further found that the probable expenses of the receivership were $25,000; that the assets of the company consisted of premium notes and membership liabilities to the sum of $198,971.14, and other assets valued at $9,125; that the amount necessary to be assessed upon premium notes in order to pay debts and expenses was $129,000; and authorized and directed the receiver to assess upon each of the members of the said plaintiff 65 per cent. of the amount of the premium note and membership liability of such member. In pursuance of such order, the receiver assessed upon the defendant the sum of $692.49.

The circuit judge for the county of Kent submitted findings setting forth the facts, concluding as follows:

it does not apply to a stockholder of such corporation who is not made a direct party to the original suit. That is the question in this case.

We are not dealing with a case where a stockholder is interposing the defense of payment, or any other defense which was not passed upon in the original suit against the corporation. In such a case there is no judgment or decree of the court of a sister State which other courts must recognize. But the very point now urged as a defense was involved and determined by the Illinois court. This was an Illinois contract. These notes were choses in action, were first in possession of the company in Illinois, were turned over by it to the receiver, and were under the direct control of the Illinois court. That court entered a decree, upon evidence placed before it, determining the amount of assets and debts, and the amount of the assessment necessary to liquidate its liabilities. If every stockholder may now contest this decree, the difficulty thus thrown in the way of an orderly and practical settlement of the affairs of the insolvent corporation is

---

"I find that all these proceedings, from and including the examination made by the auditor of state into the affairs of the plaintiff company and the filing of the petition for an injunction and a receiver, to and including the final decree that was made, authorizing and directing the assessment aforesaid, were regular, and in accordance with the provisions of the statutes of Illinois, and in accordance with the course of procedure and powers of the court.

"I find, as matter of law, that, by the laws of the State of Illinois, the assessment aforesaid is regular and conclusive upon the defendant, and that the proceedings of the circuit court for the county of Cook, in chancery, in case aforesaid, are entitled in this State to receive the same faith and credit as by the laws of the State of Illinois they receive there. It was not necessary by the laws of Illinois that the defendant should have been a party to the proceedings in the circuit court for the county of Cook, in chancery. Being a member of the company proceeded against, the defendant was represented before the court by the company and the officers thereof, and, although not a party individually, is bound by the decree made by that court against the corporation of which it was a member, because the decree is one for the enforcement of a corporate duty neglected by its board of directors; and, being so bound by the laws of Illinois, the defendant is bound thereby in this State.

"The plaintiff is entitled to recover in this action the amount of the assessment aforesaid, $692.49, with interest thereon from September 1, 1891, amounting to the sum of $827.11."

apparent.  Different courts might adopt different rulings
upon the amount of the assessment.  We think the better
doctrine is that each stockholder or member of the corpo-
ration is an integral part thereof, and is represented in such
suit through the corporation itself, and that such decree
is binding and conclusive upon him.  Two courts have so
held in regard to the case now under consideration.
*Rand, McNally & Co.* v. *Insurance Co.*, 58 Ill. App.
528; *Parker* v. *Mill Co.*, 91 Wis. 174.

In the latter case two points were raised:  *First*, that
the receiver in Illinois could not sue in the courts of Wis-
consin; and, *second*, that the assessment was inequitable
and unjust, and hence should not be enforced.  The dis-
tinction between the rights of property situated in other
States, and those of choses in action, is there very clearly
pointed out.  Upon the first point the court say:

"There is no question here of a transfer of property in
this State.  No such transfer was attempted.  The prop-
erty in question—that is, the defendant's note and its lia-
bility to pay assessments—was in Illinois, at the office of

Defendant appeals, contending that the findings of fact do not
support the conclusions of law.

It is necessary to consider but one of the questions raised.  The
decree, upon its face, shows that the assessment included unearned
premiums, and claims in dispute, upon which the liability of the
company had not been ascertained and determined, and was there-
fore invalid.  In *Detroit, etc., Ins. Co.* v. *Merrill*, 101 Mich. 393,
we held that the maker of such a note could not be held upon an
assessment in part for the payment of unearned premiums; nor do
we think that he could be held upon "claims in dispute."

But it is insisted by plaintiff that defendant is concluded as to
these matters by the decree of the Illinois court.  With respect to
any determination affecting the rights of the corporation as such,
the happening of the contingency empowering the auditor of the
State to proceed, the suspension of the company's right to continue
business, the appointment of a receiver, and the dissolution of the
corporation, such determination undoubtedly concludes the defend-
ant, and, inasmuch as the necessity for an assessment grows, in
part at least, out of the decree of dissolution, the determination of
that question is final.  But an assessment against a member stands

the company. They were choses in action, and their *situs* was at the residence of the company."

Upon the second point the court say:

"If a judgment is conclusive in the State where rendered, it is conclusive here. The decree by which the assessment in question was made was undoubtedly conclusive on the members or policy holders of the defunct company, unless attacked in a direct proceeding, notwithstanding they were not present when it was rendered. * * * We can come to no other conclusion than that we are bound, under the constitutional requirement of 'full faith and credit,' to hold that the decree making the assessment in question, being conclusive in Illinois upon all members and policy holders, unless attacked by direct proceeding, is conclusive here, and not open to collateral attack."

The point appears to be expressly decided in *Hawkins* v. *Glenn*, 131 U. S. 319. The proceedings in that case were substantially the same as in this. The defense was that the stockholder was not a party to the suit, that the cause of action was barred by the statute of limitations, that he was not responsible on 150 shares, and that interest should not have been allowed. The stockholder was sued in North Carolina. A decree had been rendered in a court of chancery in Virginia, which had ascertained the

on the same footing as one made by the board of directors, and is not conclusive upon the person assessed, as a judicial determination.

In *Bangs* v. *Duckinfield*, 18 N. Y. 592, the court say that—

"The proceedings of the receiver in making an assessment are of no greater force than the same act would have possessed if done by the board of directors. It is true that he has made an application to the court, and it has approved of his proposed assessment; * * * but the approval of the court only places his act in the same position as an assessment by the directors would have occupied. The defendant was not a party to the suit in which the application was made, and had, and could have, no notice of the application. As to him, therefore, in a point directly involving his supposed liability, the determination of the court approving the assessment is not to be regarded as a judicial decision, concluding him as to the particulars of the assessment." 2 May, Ins. § 557, and cases cited.

The liability of the defendant is, by the declaration in this cause, predicated upon the notes in question, and does not, therefore,

extent of the liabilities and assets of the corporation, and decreed the assessment required to pay its liabilities. The court held the decree conclusive, and, in deciding it, speaking through Chief Justice Fuller, said: "A stockholder is so far an integral part of the corporation that, in view of the law, he is privy to the proceedings touching the body of which he is a member,"—citing *Sanger* v. *Upton*, 91 U. S. 56. The same question was again before the court in *Glenn* v. *Liggett*, 135 U. S. 533, and the same conclusion reached, quoting from *Hawkins* v. *Glenn*. The same was held in *Lycoming Fire Ins. Co.* v. *Langley*, 62 Md. 211.

The learned counsel for the defendant cite *Chandler* v. *Brown*, 77 Ill. 333, and *Lamar Ins. Co.* v. *Gulick*, 102 Ill. 41. These cases are distinguished from a case like the present in *Great Western Tel. Co.* v. *Gray*, 122 Ill. 630. The two former cases were based upon a statute which provided that stockholders should be made parties to the suit. Rev. Stat. Ill. 1891, chap. 32, §§ 1–49. The decree of the Illinois court in this case was based upon an act in regard to the dissolution of insurance companies. Rev. Stat. Ill. 1891, chap. 73, §§ 103–111. This does not provide for any service upon or notice to the stockholders

---

spring from a statute fixing the liability of the membership, or imposing a liability upon members in case of the insolvency or default of the corporation. The note sued upon is the contract between the parties, and determines and limits the liability of the defendant.

We are cited by the plaintiff's counsel to the case of *Great Western Tel. Co.* v. *Gray*, 122 Ill. 630. Defendant in that case was sued upon his subscription to stock for the balance unpaid, and it was held that the validity of the decree appointing the receiver could not be questioned by the stockholder; in other words, that it was unnecessary to make such stockholder a party in the proceeding to wind up the corporation.

The judgment of the court below is reversed, and judgment entered here for the defendant's proportion of the other items, with costs of this court to defendant.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, J., did not sit.

or members, but confers the entire jurisdiction in such cases upon the courts. Upon the question of notice to stockholders, see *Wardle* v. *Cummings*, 86 Mich. 400.

Mr. May, in his work on Insurance (vol. 2, § 557), says "the receiver of an insolvent company stands upon no better footing" than would the directors in making an assessment; and cites *Jackson* v. *Roberts*, 31 N. Y. 304; *Embree* v. *Shideler*, 36 Ind. 423. If these decisions sustain the rule contended for, we could not follow them, as we think they are opposed to the clear weight of authority. The New York statute is clearly different from that in the present case. It reads as follows:

"In case the corporation, in regard to which a receiver has been or shall hereafter be appointed, is or shall be a mutual insurance company, such receiver shall have full power, under the authority and sanction of the court appointing him, to make all such assessments on the premium notes belonging to such corporation as may be necessary to pay the debts of such corporation, as by the charter thereof the directors of such corporation have authority to make; and the notice of such assessment may be given in the same manner as is provided in the charter of said company for the directors of said company to give; and the said receiver shall have the like rights and remedies upon and in consequence of the nonpayment of such assessments as are given to the corporation or the directors thereof by the charter of such corporation." Laws 1852, chap. 71, § 2.

It thus appears that the power of the receiver was expressly limited to the power of the board of directors, and to the *modus operandi* of collecting the assessments.

In *Embree* v. *Shideler*, it appeared, upon the face of the complaint, that neither the receiver, nor the court to which he had reported his action, had examined and determined upon the validity of the claims against the company. This was expressly required by the charter of the company. It was therefore said that "the assessment is the act of the receiver, and in and with him is the authority to act in the premises."

The decree in the present case was erroneous only in that it included some items which, under *Detroit, etc., Ins. Co.* v. *Merrill, supra*, this court would have excluded. Judgments and decrees cannot be attacked collaterally because they include items which courts, other than those by whom they were rendered, might hold to be illegal. See Mor. Priv. Corp. § 822.

The judgment must be affirmed.

MONTGOMERY and HOOKER, JJ., concurred with GRANT, J.

MCGRATH, C. J. (*dissenting*). After reargument of this cause, I see no good reason for a change of opinion upon the main issue involved. The case presents two questions: *First*, whether the decree of the Illinois court is *res judicata* as to the amount of the assessment directed; and, *second*, whether we are bound, under the constitutional requirement of "full faith and credit," to regard that decree as conclusive. ·

1. There are a number of authorities which hold that, in a proceeding against a stockholder under a statute which makes him liable to creditors, and based upon a judgment against the corporation, such judgment is *prima facie* evidence of the indebtedness of the corporation. *Grand Rapids Sav. Bank* v. *Warren*, 52 Mich. 557; *Hoagland* v. *Bell*, 36 Barb. 57; *Hastings* v. *Drew*, 76 N. Y. 9; *Schaeffer* v. *Insurance Co.*, 46 Mo. 248. Other authorities hold that the judgment is conclusive, and cannot be attacked, except for fraud. *Corse* v. *Sanford*, 14 Iowa, 235; *Grund* v. *Tucker*, 5 Kan. 70; *Coalfield Co.* v. *Peck*, 98 Ill. 139; *Conklin* v. *Furman*, 8 Abb. Prac. (N. S.) 161; *Milliken* v. *Whitehouse*, 49 Me. 527; *Henry* v. *Railroad Co.*, 17 Ohio, 187; *Wilson* v. *Coal Co.*, 43 Pa. St. 424: *Merchants' Bank* v. *Chandler*, 19 Wis. 434; *Marsh* v. *Burroughs*, 1 Woods, 463; *Stephens* v. *Fox*, 83 N. Y. 313. There is still another class of cases which holds that a stockholder, in the absence of a

statute requiring it, is not a necessary party to proceedings to wind up the affairs of the corporation, determine its insolvency, and appoint a receiver; that a decree of court determining such matters, declaring the necessity for an assessment upon stockholders or for the collection of unpaid subscriptions to the capital stock, and directing the collection thereof, is not open to attack in a suit brought to enforce the collection of the assets of the corporation, the unpaid subscriptions to the capital stock, or assessments so ordered. *Glenn* v. *Williams,* 60 Md. 93; *Lycoming Fire Ins. Co.* v. *Langley,* 62 Md. 196; *Sanger* v. *Upton,* 91 U. S. 56; *Glenn* v. *Springs,* 26 Fed. 494; *Hawkins* v. *Glenn,* 131 U. S. 319; *Lehman, Durr & Co.* v. *Glenn,* 87 Ala. 618; *Gilchrist* v. *Land Co.,* 21 W. Va. 115 (45 Am. Rep. 555). These cases, with many others, recognize the rule, but some of them carry the rule to an extent which is not warranted by the principle which underlies the rule, and others use language which is inapplicable to the facts of the particular case before the court. A judgment against a corporation is decisive, as against a stockholder of that corporation, because the proceeding in which it was obtained was one between the contracting parties,—the parties who had the legal right to determine that question. The only question then open is the amount due from the stockholder to the corporation, or, if he is liable by reason of a statute, the extent of his liability under the statute. If he is exempted from certain classes of claims against the corporation, such exemption may be shown. If the statute imposes a liability as for labor claims, the character of the claim must be established. In *Wilson* v. *Coal Co., supra,* the stockholders were made personally liable for all debts except loans, and the court held that defendant might show either that he was not a stockholder or that the debt was a loan. In other words, the judgment is conclusive as to the amount due from the corporation to the creditor, but is only conclusive as to the stockholder when his liability is established.

As is said in *Union Bank* v. *Manufacturing Co.*, 17 S. C. 339, 359:

"There can be no doubt of the rights of the stockholders in this action to set up any available defense that goes to the question of their liability upon the note upon which judgment has been obtained against the company. The defendants in this action were not, as individuals, parties to the action in which judgment was recovered. That suit was against the corporation, which, in law, is a distinct person from the individual members which compose it. The ground of the liability of the company may not prevail against the stockholders. For it is only when a judgment is obtained against the company upon debts of a certain description, and upon which suits have been brought within a specified time, that the stockholders are liable. In this action it is, therefore, necessary to establish that the conditions of the liability of the stockholders exist. To do this necessarily involves an inquiry in this action into the grounds of the stockholders' liability. Of course, then, it is competent for these defendants to interpose any defense that goes to the question of their liability upon the notes upon which the judgments were obtained."

In *Marsh* v. *Burroughs, supra,* it was contended that the unpaid subscriptions of capital stock were not assets for the payment of debts, either legal or equitable; that they existed merely as possibilities; that they were not a debt due, having never been called in; that no one could call them in but the directors, and in them it was a mere discretionary power, which could not be exercised either by the assignee, the receiver, or the court itself, and could not be assigned; that said unpaid subscriptions were no part of the capital stock of the bank; and that the real capital stock was what had been called in. The court held, however, that the amount subscribed, and not the sums actually paid in, was the capital stock; that the authority to make calls was not a mere power vested in the bank, to be exercised or not, in its discretion, but that it was a right; that the mode of calling it in prescribed by the charter was a mere form of remedy given to the bank to enforce the subscription, and that unpaid sub-

scriptions were corporate property, constituting a trust fund which could be reached by creditors.

In *Sanger* v. *Upton, supra*, it was held that the order of the bankruptcy court as to the right of the assignee to bring suit was conclusive. The court refer to the application of the rule to an order made by the comptroller of the currency, citing *Kennedy* v. *Gibson*, 8 Wall. 505, wherein the court say:

" It is for the comptroller to decide when it is necessary to institute proceedings against the stockholders to enforce their personal liability, and whether the whole or a part, and, if only a part, how much, shall be collected. These questions are referred to his judgment and discretion, and his determination is conclusive. The stockholders cannot controvert it. It is not to be questioned in the litigation that may ensue. He may make it at such time as he may deem proper, and upon such data as shall be satisfactory to him."

The court then say:

" It was competent for the court to order payment of the stock, as the directors, under the instruction of a majority of the stockholders, might, before the decree in bankruptcy, have done. The former is as effectual as the latter would have been."

Other questions affecting the liability of the stockholders were raised, and the court determined them.

In *Hall* v. *Insurance Co.*, 5 Gill, 484, the question arose upon the admissibility in evidence of the equity proceeding in which the order directing the call had been made, and the court held that the order for the institution of the suit was conclusive.

In *Glenn* v. *Williams, supra*, it was held that the chancery court of Richmond had power and jurisdiction to make assessments upon the unpaid subscriptions to the capital stock to raise funds with which to pay the debts of the corporation, and that the decree of the court determining and making an assessment upon the capital stock for such purpose was binding and effective upon stockholders not parties to that cause.

In *Parker* v. *Mill Co.*, 91 Wis. 174, a demurrer was interposed to the complaint, on the ground of want of capacity in the plaintiff to sue. The court below sustained the demurrer, and the supreme court reversed that holding. There is no doubt of the correctness of that decision. That question is *res judicata.*

In *Hawkins* v. *Glenn, supra,* Mr. Chief Justice Fuller thus states the issues involved:

" Counsel for plaintiff in error contend that the decree of the Richmond chancery court making the call and assessment was void as against him, because he was not a party to the suit; that the cause of action was barred by the statute of limitations; that he was not responsible upon 150 shares of the stock; and that interest should not have been allowed from the date of the call, but only from the time of the filing of the complaint."

While the learned chief justice does say, as to the determination of the Richmond chancery court, that the court may have erred in its conclusions, but its decree cannot be attacked collaterally, the court does not rest its decision upon the adjudication referred to, but proceeds to discuss the question at length, holding that, as between creditor and stockholders, the latter could not protect themselves from paying what they owed by setting up the default of their own agents.

It must be borne in mind that that case was one for an unpaid subscription to stock. It was a sum which was a part of the capital stock of the company,—a trust fund, held for the benefit of creditors, and the obligation to pay which could not be discharged, as against creditors, by the corporation itself. The contract to pay the sum sought to be recovered was one arising under the charter at the outset. It could not be affected, as to creditors, by the acts or laches of the corporation. In the present case the limit of the liability of the defendant member is not only expressed in the note upon which suit is brought, but in the charter of the corporation as well. No act of the corporation could extend that liability. Defendant pleads

no release from its undertaking, nor does it seek to escape by reason of the laches of the corporation in its failure to enforce the contract, nor have creditors any demands upon defendant except such as arise from its undertaking. The receiver, on behalf of the creditors, is simply subrogated to the claim of the corporation against defendant. No assessment made by the corporation in excess of defendant's liability would have been binding upon it.    This is a proceeding against the stockholder as an adversary party.    It has the same right to insist that the class of debts for which it has been assessed are not such as it contracted to pay, as a stockholder would have, under our own statute, in respect to labor claims, if sued upon a judgment against the corporation.

2.   In view of the conclusion reached, it is unnecessary to discuss the question as to whether the finding of facts supports plaintiff's contention that the note in question is an Illinois contract.   No attempt was made to show that the charter and by-laws of the plaintiff corporation enlarged the defendant's liability.    The adjudication which, it is insisted, is binding upon us, was not one involving the validity of a contract, or the validity or construction of a local charter, statute, or constitution; nor was it a question of construction, depending upon the intent of the parties, as affected, at the inception of the contract, by any fixed local rules of law; nor did it involve a rule of property.

The federal judiciary act provides that the laws of the several States, except in given cases, shall be regarded as rules of decision in trials at common law in the courts of the United States; yet, at an early day, the Supreme Court of the United States held that this provision did not apply to the decisions of the State courts in the construction of ordinary contracts or on questions of general commercial law.   *Swift* v. *Tyson*, 16 Pet. 1.   And it has been held that the Federal courts were not bound by decisions of the State courts construing and determining

the legal effect of insurance contracts (*Carpenter* v. *Insurance Co.*, 16 Pet. 495); nor by decisions of State courts as to the rights of the parties to negotiable paper, such rights depending on the law of negotiable paper (*Oates* v. *Bank*, 100 U. S. 239; *Railroad Co.* v. *National Bank*, 102 U. S. 14); nor by a decision on the construction of a contract of carriage (*Myrick* v. *Railroad Co.*, 107 U. S. 102); nor by a decision construing a deed by the rules of the common law (*Foxcroft* v. *Mallett*, 4 How. 353). See also, as to the application of this doctrine, cases cited in 23 Am. & Eng. Enc. Law, 40, 41.

The question here presented is whether the determination of the Illinois court, made after the insolvency of the corporation, as to the legal effect of defendant's promise, is conclusive upon the defendant and binding upon us. I think not. There was no law of place that attached to and formed a part of the contract at its inception.

The judgment should have been for defendant, with costs of both courts.

LONG, J., concurred with McGRATH, C. J.