AMERICAN FREEHOLD LAND MORTGAGE CO. OF LONDON, Limited,
v. WOODWORTH.

(Circuit Court, N. D. New York. March 29, 1897.)

CONFLICT OF LAWS—CORPORATIONS—STOCKHOLDER'S LIABILITY—PLEADING.

Where an action at law is brought in a federal court in New York to charge a stockholder in a Kansas corporation, under the Kansas statute, to the extent of his liability, with a judgment against the corporation, it is sufficient to allege the recovery of the judgment and the return of execution unsatisfied, without averring the original debt, as the Kansas statute makes the judgment at least presumptive evidence; and it is immaterial that the New York courts in similar cases require the original debt to be recited, as the question is one of proof, and not of pleading.

The plaintiff, a foreign corporation and a judgment creditor of a Kansas farm mortgage company, brings this suit against the defendant, who is a shareholder of the latter company, to recover an amount equal to the amount of his stock, under a liability created by the constitution and laws of Kansas.

The defendant demurs upon two grounds: First, that the court has not jurisdiction of the subject of the action; and, second, that the complaint does not state facts sufficient to constitute a cause of action. The recovery of the judgment against the Kansas mortgage company with the return of the execution unsatisfied is fully alleged in the complaint, but the defendant insists that this is an insufficient allegation of indebtedness. The proposition thus presented was the one principally discussed at the argument, and will be the only one decided. There are other important questions presented by the demurrer, but as they are also involved in many similar causes which are likely to come before the court, it was suggested by the defendant's counsel that their consideration be postponed until all parties have had an opportunity to be heard. In this course the plaintiff's counsel acquiesced.

P. Tecumseh Sherman and W. Pierrepont White, for plaintiff.
William F. Cogswell and W. N. Cogswell, for defendant.

COXE, District Judge (after stating the facts as above). The fourth paragraph of the complaint alleges, succinctly, the recovery of the judgment in favor of the plaintiff and against the Kansas mortgage company for $34,607 in the United States circuit court for the district of Kansas. The fifth paragraph alleges the return of the execution unsatisfied. The defendant insists that these averments are wholly insufficient to support the action, as the judgment is not even prima facie evidence of indebtedness. That this is the rule in the courts of New York can hardly be doubted. Arms Co. v. Barlow, 63 N. Y. 62, 72; McMahon v. Macy, 51 N. Y. 155; Moss v. McCullough, 5 Hill, 131; Miller v. White, 50 N. Y. 137. It should be remembered, however, that this action is brought not under the laws of this state, but to enforce a remedy given by a statute of Kansas which makes the judgment against the corporation, at least, presumptive evidence. A more rigorous and summary statute it would be difficult to imagine. It is not even necessary to recover judgment against the shareholder. If an execution against the corporation be returned unsatisfied, an execution may, by leave of the court which pronounced the judgment, issue on the same judgment against the shareholder. Instead of proceed-

ing by execution, the judgment creditor may proceed by action "to charge the stockholders with the amount of his judgment." The shareholder is made liable to pay the judgment, not the debt. The liability is the same whether created by statute or by contract. If the defendant had agreed with the plaintiff to pay, to the extent of his stock, any judgment which the latter might recover against the Kansas company, there can be no question that it would be sufficient to declare upon the judgment alone. This is the liability which the Kansas statute attempts to create. The plaintiff sues upon this statute to enforce this liability. He must stand or fall upon the cause of action thus stated. If he were suing under the laws of this state, the allegation in question would, in all probability, be held insufficient, but he is not. It would seem that an allegation reciting the original indebtedness is unnecessary when the debt has been reduced to a judgment and the suit is brought to charge the defendant with the amount of that judgment under a law which expressly provides that this may be done. The question has frequently been before the federal courts, and the following are authorities for the proposition that it is unnecessary to plead and prove the original liability: Bank v. Francklyn, 120 U. S. 747, 755, 7 Sup. Ct. 757; Hawkins v. Glenn, 131 U. S. 319, 328, 9 Sup. Ct. 739; Glenn v. Liggett, 135 U. S. 533, 10 Sup. Ct. 867; McVickar v. Jones, 70 Fed. 754, 759; Rhodes v. Bank, 13 C. C. A. 612, 66 Fed. 512; Bank v. Rindge, 57 Fed. 279; Borland v. Haven, 37 Fed. 394, 413; Glenn v. Springs, 26 Fed. 494.

But it is argued that this question is one of pleading, and as the courts of New York require a complaint under the New York law to allege the debt, this court, pursuant to section 914 of the United States Revised Statutes, should follow a similar course. The court cannot assent to this view. It is not a question of pleading, but of proof. The pleader need not allege more than he is required to prove. As it is unnecessary to prove the debt under the Kansas statute, it is unnecessary to allege it. Where a party is required to pay the debt of another he is absolved by showing that there is no debt, but where he is required to pay a judgment the inquiry assumes a more limited range. The judgment is sufficient evidence until it is impeached. The New York courts have established no rule of pleading in these cases. They have said that under the laws of this state it is necessary to allege certain facts. They have never attempted to lay down a rule of pleading where the cause of action is founded upon the laws of other states creating an entirely different liability.

It follows that the demurrer, so far as it relates to the question discussed, must be overruled.