## CHRISTIAN v. TEXAS GAS & POWER CORP.

### Civ. A. No. 1490.

United States District Court
N. D. Texas, Amarillo Division.

Dec. 6, 1952.

Ames, Daugherty, Bynum & Black, Oklahoma City, Okl., Sanders, Scott, Saunders & Smith, Amarillo, Tex., for plaintiff.

Simpson, Clayton & Fullingim, Amarillo, Tex., Smith, Teed, Wade & Waters, Pampa, Tex., for defendant.

DOOLEY, District Judge.

The plaintiff Christian, a citizen of Texas, sues the defendant Texas Gas & Power Corporation, a corporate citizen of Delaware, to recover damages for injury to the plaintiff's person and property, from an explosion of gas which, as alleged, had leaked under and into the plaintiff's medical office and clinic out of pipes belonging to the defendant. Shortly afterwards the officers and stockholders voluntarily dissolved the defendant. The corporate assets were taken over by the respective stockholders and a large part of same transferred by them to another corporation. Some of the stockholders in the dissolved corporation, both at the time of dissolution and when this suit was filed, were citizens of Texas. The defendant has filed a motion to dismiss on the ground that the stockholders of the dissolved corporation are indispensable parties in this suit. The motion alleges that when the stockholders sold part of the assets received from the dissolved corporation to the other corporation they personally indemnified the pur-

chaser against any liabilities of the dissolved corporation.

Obviously if the stockholders of the dissolved corporation are indispensable parties this Court cannot retain jurisdiction and the case would have to be dismissed. The question is controlled by the law of Delaware, as the stockholders in the dissolved corporation necessarily accepted their interest as such subject to the law of the corporate domicile. A statute of that State preserves the suability of a corporation for three years after dissolution and for that purpose, among others, the dissolution is in suspense for such time.[1] This suit was filed about six months after the dissolution of defendant. The corporation in question consequently was still subject to suit when this case was filed just the same as it would have been before the dissolution. It continued to be a corporate entity for the purpose of legal actions.[2] The fact that these stockholders took over the assets of the dissolved company makes no difference in the rule.[3] The present contention would not seriously be made if the defendant were still a going corporation. In fact the law of Delaware is clear on this subject.[4] Since despite the aspect of dissolution a Delaware corporation still remains a live entity as defendant in a lawsuit no strong reason is pointed out to make the stockholders indispensable parties in this case. The courts have often held that stockholders of a corporation, though same has become dormant through insolvency, dissipation of assets or voluntary cessation of business, or has been even formally dissolved, are not necessary parties to somewhat similar suits against the corporation, as in their capacity as stockholders they are sufficiently represented by their corporation, so much so in fact that often they will be bound by a judgment against the corporation.[5] The primary right of the plaintiff in this suit is against the defendant corporation. Only a secondary liability could be maintained against the stockholders.[6] Their responsibility comes from their voluntary act in receiving

1. The Delaware Corporation Law, Sec. 42, 8 Del.C. § 278, in the pertinent part provides:

   "Continuation of corporation after dissolution for purposes of suit [etc.]: All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of three years from such expiration or dissolution, bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock, but not for the purpose of continuing the business for which the corporation shall have been established. * * *"

2. International Pulp Equipment Co., Ltd. v. St. Regis Kraft Co., D.C., 54 F.Supp. 745; Atkins v. W. A. Harriman & Co., Inc., 2 Cir., 69 F.2d 66; Hambleton v. Glenn, 85 Va. 901, 9 S.E. 129; Sinnott v. Hanan, 214 N.Y. 454, 108 N.E. 858.

3. Eastman, Gardiner & Co. v. Warren, 5 Cir., 109 F.2d 193; Swan Land & Cattle Co., Ltd. v. Frank, 148 U.S. 603, 13 S. Ct. 691, 37 L.Ed. 577.

4. The Corporation Law of Delaware provides, in Sec. 51, 8 Del.C. § 325, as follows:

   "NO SUIT AGAINST DIRECTOR OR STOCKHOLDER UNTIL JUDGMENT AGAINST CORPORATION: No suit shall be brought against any officer, director or stockholder for any debt of a corporation, of which he is an officer, director or stockholder, until judgment be obtained therefor against the corporation and execution thereon returned unsatisfied."

5. Hawkins v. Glenn, 131 U.S. 319, 9 S.Ct. 739, 33 L.Ed. 184; Hancock Nat'l Bank v. Farnum, 176 U.S. 640, 20 S.Ct. 506, 44 L.Ed. 619; Butcher v. J. I. Case Threshing Mach. Co., Tex.Civ.App., 207 S.W. 980; Baines v. Babcock, 95 Cal. 581, 27 P. 674, 30 P. 776; Weil v. Defenbach, 36 Idaho 37, 208 P. 1025; Singer v. Hutchinson, 183 Ill. 606, 56 N.E. 388; Mutual Fire Ins. Co. v. Phoenix Furniture Co., 108 Mich. 170, 66 N.W. 1095, 34 L.R.A. 694.

6. Andrew v. Vanderbilt, 37 Hun. 468; Sturges v. Vanderbilt, 73 N.Y. 384; Weil v. Defenbach, 31 Idaho 258, 170 P. 103; Matson v. Kennecott Mines Co., 101 Wash. 12, 171 P. 1040; Lamar v. Allison, 101 Ga. 270, 28 S.E. 686; Wehn v. Fall, 55 Neb. 547, 76 N.W. 13.

and appropriating corporate property subject to a trust for the benefit of claimants against the corporation. A suit against the corporation alone should suffice at least for an adjudication of the fact and amount of any liability to this plaintiff, and if he recovers then his recourse against the stockholders may be dealt with under proper process of the law. The defendant's motion is overruled, and such an order may be submitted.