[Argued October 17; decided November 5, 1894.]

## LUCKY QUEEN MINING CO. *v.* ABRAHAM.
[S. C. 38 Pac. Rep. 65.]

CORPORATIONS—AUTHORITY OF AGENT OR ATTORNEY.— One who was elected president of a corporation, and appointed its managing agent and attorney, in 1877, and to whom no successor was ever elected or appointed, will, in eighteen hundred and ninety-three, be presumed to have authority, in the name of the corporation, to maintain an action in its behalf.

APPEAL from Douglas: J. C. FULLERTON, Judge.

This action was commenced on the twenty-sixth day of October, eighteen hundred and ninety-three, by filing a complaint signed by W. R. Willis as attorney, and verified

NOTE.— The powers of the president of a corporation are shown in a note to *Wait* v. *Nashua Armory Association* (N. H.), 14 L. R. A. 356, in which a large number of authorities are analyzed.— REPORTER.

by him as president, of the plaintiff corporation. The defendant appeared, and, based upon affidavits, applied for a rule on counsel for plaintiff to show by what right or authority he appeared and prosecuted this action as such attorney. These affidavits were made by S. F. Chadwick, Rufus Mallory, and the defendant, and are to the effect that at the organization of the plaintiff corporation they were chosen members of the board of directors, and duly qualified as such; that the last meeting of the stockholders was held on the twenty-sixth day of July, eighteen hundred and eighty, at which time the following persons were chosen directors, each as successor to himself: J. E. Brandt, Jr., W. R. Willis, Sol Abraham, D. A. Levens, John Clark, Rufus Mallory, and S. F. Chadwick, but none of them qualified under this last election, nor did they meet as a board since that time; that the company never authorized any one to commence this action, or appear for it as attorney therein; that it was commenced without its knowledge or consent, and, as the affiants believe, against the wish of all the survivors of the persons last connected with the said company as its board of directors. On the twenty-ninth day of January, eighteen hundred and ninety-four, the matter coming on for hearing, Mr. Willis testified in open court concerning his authority as follows: ''That I am president of the plaintiff, a corporation; that I was appointed by the directors of said corporation managing agent and attorney for said corporation in all its business; that I have not been discharged as managing agent or attorney for said corporation, plaintiff herein.'' He also produced and identified the records of the corporation, from which it appears that on January twenty-seventh, eighteen hundred and seventy-six, he was appointed managing agent and attorney for the company for the term of one year, at a salary of one thousand two hundred dollars per annum, and reappointed on January twenty-sixth, eighteen

hundred and seventy-seven, without any specification as to the length of the term. On August tenth, eighteen hundred and seventy-seven, he announced his purpose not to claim any salary from the company after June thirtieth, eighteen hundred and seventy-seven, and it was considered by unanimous consent that the president should receive no salary after that date as agent of the company until otherwise ordered by the board of directors. The records further show that under date of October ninth, eighteen hundred and seventy-six, certain acts of Mr. Willis as agent of the company in purchasing property and borrowing money were ratified and approved by the board of directors. This, together with the affidavits accompanying the defendant's motion, is all the evidence given or offered on the hearing. On these facts, the court found that Mr. Willis had no legal authority to appear for the plaintiff, and that the action was brought without its authority or consent, and rendered judgment that the action be dismissed, and that the defendant recover of W. R. Willis his costs and disbursements to be taxed. From the judgment so rendered this appeal is taken.

REVERSED.

*Mr. William R. Willis*, for Appellant.

*Mr. C. A. Sehlbrede*, for Respondent.

Opinion by MR. CHIEF JUSTICE BEAN.

The corporate existence of the plaintiff, or its authority to commence and maintain this action is not questioned in this proceeding, but it is contended that Mr. Willis, who appeared as its attorney, had no authority to so appear, or to prosecute the action in its name. It will be seen from the uncontradicted evidence that Mr. Willis was and is president, general manager, and attorney for the plaintiff, and this, it seems to us, shows a *prima facie* right to

commence and prosecute this action in the name of his principal. A regularly licensed attorney is an officer of the court, and responsible to it for the propriety of his professional conduct, and, therefore, when he appears for a party in a case, the presumption of law is that his appearance is authorized. He may, on the motion of the adverse party, on showing reasonable grounds therefor, be required to produce or prove the authority under which he acts, but if, upon the hearing, he shows that he acted in good faith, and under an authority apparently genuine, it is sufficient in the first instance, and the party challenging his right to so appear is required to show by positive proof that his appearance is unauthorized: Mechem on Agency, §§ 8, 9, 10; *McAlexander* v. *Wright*, 3 T. B. Mon. 189, 16 Am. Dec. 93. In this case, from the showing made by Mr. Willis, it appears that he acted in good faith, under authority vested in him as president, managing agent, and attorney for the plaintiff, and should have been recognized as such attorney in the absence of competent evidence showing that his statements and testimony were not true. The failure or neglect of the corporation to elect or choose officers at the proper time did not work a dissolution of the corporation, and Mr. Willis, having been regularly elected president and managing agent, continues in office until removed, or his successor is elected or appointed, and therefore had a colorable right, at least, to institute and prosecute this action: *St. Louis, etc., Loan Association* v. *Augustin*, 2 Mo. App. 123; *Harris* v. *Mississippi Valley Railroad Company*, 51 Miss. 602; 2 Cook on Stock and Stockholders, § 719. There is nothing in this record to sustain the contention of the defendant that the appearance of of Willis as attorney for the plaintiff was unauthorized, and the judgment must therefore be reversed.

Reversed.