SARAH G. HEWES, DEFENDANT IN ERROR, v. AARON L. HURFF, ADMINISTRATOR, PLAINTIFF IN ERROR.

Submitted March 24, 1903—Decided June 15, 1903.

The acknowledgment, by a sole executor, of the existence of a debt due from the estate of his testator, and a promise to pay it, will bar the operation of the statute of limitations, provided such acknowledgment and promise are in writing.

---

On writ of error to the Supreme Court.

For the plaintiff in error, *Timothy J. Middleton* and *Jonas S. Miller*.

For the defendant in error, *David O. Watkins*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This action was brought by Mrs. Hewes, the plaintiff below, to recover from the defendant, as sole administrator of the estate of his father, William Hurff, deceased, the principal and interest of a certain promissory note held by the plaintiff and signed by the defendant's intestate.   The note matured in September, 1892, and suit was not brought until May, 1901.   The defendant set up the bar of the statute of limitations, and the plaintiff at the trial sought to avoid that bar by showing an acknowledgment of the indebtedness and a promise to pay it, made in writing by the administrator, within six years after the note fell due, and less than six years before the commencement of the suit.   To prove this acknowledgment and promise she produced and offered in evidence certain letters written by the defendant to her, the first of which was dated on September 8th, 1897, and the last on October 13th, 1900.   The admission of these letters was objected to by the defendant, on the ground that they did not, any of them, contain any such acknowledgment or promise; and on the further ground that "an administrator cannot, either by express terms or by implied promises, remove the bar of the statute."   The overruling of the objection and the admission of the letters is assigned for error.

The first ground of objection is unwarranted by the fact. The letter first in date refers to "the money owing to you by me as admr of father's estate," and requests the plaintiff "to consent to wait until next fall for this money due you."   Both this and the letters written subsequently contain expressions which may fairly be construed to be promises to pay this indebtedness.   They were, therefore, clearly admissible as tending to prove a written acknowledgment of the debt, and a promise to pay it.

The second ground of objection is equally untenable. In the case of *Shreve* v. *Joyce, 7 Vroom* 44, decided by the Supreme Court at the November Term, 1872, it was held that a sole executor (and if there was more than one, then either of them) had the power, by a new promise, to remove the bar of the statute of limitations. A year and four months later the legislature, in revising the "Act for the limitation of actions," recognizing this power in an executor, modified its scope by enacting that no acknowledgment or promise by words only should be deemed sufficient evidence of a new or continuing contract whereby to take a case out of the operation of the act, unless such acknowledgment or promise be in writing; and that where there shall be two or more executors or administrators, "no executor or administrator shall lose the benefit of this act, so as to be chargeable in respect or by reason only of any written acknowledgment or promise, and signed by any other or others of them." *Gen. Stat., p.* 1976, § 17. The right of a sole administrator to remove the bar of the statute by an acknowledgment and new promise is clear.

The only other assignment of error is directed at the instruction of the court to the jury that the only question for them to determine was "whether the administrator made the promise, within six years, that the estate would pay this note. If so, he bound the estate." The ground of this assignment is stated to be that "an administrator cannot, by a new promise, obligate or charge the estate of an intestate so as to deprive it of the benefit of the statute of limitations." This assignment is disposed of by what has already been said.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VOORHEES, VROOM. 14.

*For reversal*—None.