(January 9, 1918.)

## IGNATZ WEIL, Receiver of the Traders' State Bank, Appellant, v. B. S. DEFENBACH, RUFUS JACKSON, W. F. WHITAKER, E. DREISBACH, W. A. BERND, ROBERT GRIMES and R. N. JACKSON, Respondents.

[170 Pac. 103.]

CORPORATIONS—INDIVIDUAL LIABILITY OF STOCKHOLDERS—ILLEGAL DISTRIBUTION OF ASSETS—RECEIVER—REMEDY OF JUDGMENT CREDITOR—STATUTE OF LIMITATIONS.

1.   Where the creditor of a corporation seeks to enforce against a stockholder of such corporation an individual statutory liability, he must first exhaust his remedy against the corporation.

2.   Under sec. 2732, Rev. Codes, as amended (Sess. Laws 1909, p. 159), action of the directors and stockholders of a banking corporation in withdrawing and distributing among themselves the assets of the corporation is void as to existing creditors of the corporation.

3.   The assets of a corporation constitute a trust fund for the payment of its debts, which cannot lawfully be divided up until the creditors of the corporation are paid.

4.   Where the stockholders of a banking corporation have illegally withdrawn and distributed among themselves the assets of the corporation, the receiver of the corporation may maintain an action to compel the stockholders to refund to him on behalf of the corporation sufficient of the funds so withdrawn to satisfy a valid judgment against the corporation.

5.   As between the stockholders of a corporation and a judgment creditor of such corporation, the statute of limitations does not begin to run against the judgment creditor until he has notice that the assets of the corporation are not sufficient to satisfy his debt.

6.   Under sec. 2732, Rev. Codes, as amended (Sess. Laws 1909, p. 159), the inhibition to the directors of a corporation against impairing the capital stock of the corporation extends also to the stockholders, who are prohibited from receiving the assets of the corporation disbursed in violation of sec. 2732, *supra*, and the liability for the violation of the provisions of this section is in the first instance to the corporation itself. As between the

creditors of the corporation and the stockholders thereof, the liability of the latter is a secondary liability.

[As to liability of stockholders to the creditors of the corporation, see note in 3 Am. St. 806.

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. R. N. Dunn, Judge.

Action by receiver to recover from stockholders assets unlawfully withdrawn and distributed. Judgment of nonsuit reversed.

Ezra R. Whitla, for Appellant.

It was clearly the intention of the legislature in framing sec. 2979, Rev. Codes, to provide in substance that where the assets of the bank are not sufficient to pay its indebtedness or to liquidate its affairs, that then, and not until then, does the right of action against the stockholder accrue. (*Wilson v. Book,* 13 Wash. 676, 43 Pac. 939; *McLaughlin v. O'Neill,* 7 Wyo. 187, 51 Pac. 243; 10 Cyc. 724, 728; *Swan Land & Cattle Co. v. Frank,* 39 Fed. 456.)

If our contention is correct that the stockholders' liability is secondary then no action could be maintained against the individual stockholders until the legal remedy against the corporation had been exhausted. Whether the transfer of its assets to its stockholders was intentionally fraudulent or not, the effect of dividing up all of its property worked a legal fraud upon its creditors. (*Watkins v. Wilhoit,* 4 Cal. Unrep. 450, 35 Pac. 646; *Taylor v. Bowker,* 111 U. S. 110, 4 Sup. Ct. 397, 28 L. ed. 368; *Rose v. Dunklee,* 12 Colo. App. 403, 56 Pac. 342.)

The assets are a trust fund, and the corporation cannot divide the same up until after the creditors are paid. (10 Cyc. 654; *Panhandle National Bank v. Emery,* 78 Tex. 498, 15 S. W. 23; *Chicago, M. & St. P. Ry. Co. v. Third National Bank of Chicago,* 134 U. S. 276, 10 Sup. Ct. 550, 33 L. ed. 900; *Reid v. Eatonton Mfg. Co.,* 40 Ga. 98, 2 Am. Rep. 563; *Curran v. State,* 15 How. (U. S.) 304, 14 L. ed. 705; *Schley*

*v. Dixon*, 24 Ga. 273, 71 Am. Dec. 121; *Chicago, R. I. & P. R. R. Co. v. Howard*, 7 Wall. (U. S.) 410, 19 L. ed. 117; *Baltimore & O. Tel. Co. v. Interstate Tel. Co.*, 54 Fed. 50, 4 C. C. A. 184; *Jahn v. Champagne Lbr. Co.*, 157 Fed. 407; *Wood v. Dummer*, 3 Mason, 308, Fed. Cas. No. 17,944; *Crandall v. Lincoln*, 52 Conn. 73, 52 Am. Rep. 560.)

The receiver in such a case is the proper party to sue. (*Wilson v. Book, supra; McTamany v. Day*, 23 Ida. 95, 128 Pac. 563; *Foster v. Row (Broas)*, 120 Mich. 1, 79 N. W. 696; High on Receivers, 360; *Brown v. Brink*, 57 Neb. 606, 78 N. W. 280; *Farmers' Loan & Trust Co. v. Funk*, 49 Neb. 353, 68 N. W. 520; *German National Bk. v. Farmers' & Mer. Bk.*, 54 Neb. 593, 74 N. W. 1086.)

E. W. Wheelan and G. H. Martin, for Respondents.

After the stock has been issued and paid for, all liability that can be imposed upon the stockholder as a stockholder has been satisfied. (*Wall v. Basin Mining Co.*, 16 Ida. 313, 101 Pac. 733, 22 L. R. A., N. S., 1013; 2 Proceedings and Debates Ida. Const. Convention, 1107, 1111.)

"When a constitution makes stockholders liable for corporate debts and fixes the liability, the legislature has no power to exempt them from such liability or impose a different one." (Thompson on Corp., sec. 4760.)

The liability of the stockholder in any case is primary, and any action instituted by a creditor must be based upon the original consideration between the corporation and the creditor. (*Redington v. Cornwell*, 90 Cal. 49, 27 Pac. 40; *Hunt v. Ward*, 99 Cal. 612, 37 Am. St. 87, 34 Pac. 335; *Knowles v. Sandercock*, 107 Cal. 629, 40 Pac. 1047; *Partridge v. Butler*, 113 Cal. 326, 45 Pac. 678; Thompson on Corp., sec. 4802.)

"An action to enforce personal liability of stockholder for debts of corporation must be commenced within three years from date on which debt is created, whether cause of action has matured or not." (*Greene v. Beckman*, 59 Cal. 545; *Mitchell v. Beckman*, 64 Cal. 117, 28 Pac. 110; *Hyman v.*

*Coleman,* 82 Cal. 650, 16 Am. St. 178, 23 Pac. 62; *Wells v. Black,* 117 Cal. 157, 59 Am. St. 162, 48 Pac. 1090, 37 L. R. A. 619; *Goodall v. Jack,* 127 Cal. 258, 59 Pac. 575; *Ryland v. Commercial & Sav. Bank,* 127 Cal. 525, 59 Pac. 989 )

"In case of judgment against a corporation, the stockholder's liability accrues when debt or obligation was contracted, and not from date on which judgment was recovered, and from former date statute of limitation runs against action to enforce that liability." (*Mokelumne Hill C. & M. Co. v. Woodbury,* 14 Cal. 265; *Davidson v. Rankin,* 34 Cal. 503; *Larrabee v. Baldwin,* 35 Cal. 155; *Young v. Rosenbaum,* 39 Cal. 646; *Stilphen v. Ware,* 45 Cal. 110; *Hyman v. Coleman,* 82 Cal. 650, 16 Am. St. 178, 23 Pac. 62.)

BUDGE, C. J.—This action was brought by appellant as receiver of the Traders' State Bank against the respondents as stockholders. It appears that one Churchill obtained judgment against the bank on the 13th day of March, 1912, for $4,187.67. On the 18th of December, 1912, Churchill caused execution to be issued against the bank, which was returned January 7, 1913, with no property found. The judgment was assigned to one McCarthy. On March 1, 1913, application having been made therefor, appellant was appointed receiver with full power and authority to act in all matters necessary for the recovery from the officers, directors and stockholders of the bank of all of the assets and moneys received by them from the corporation as withdrawals and assets thereof, etc., sufficient to pay the judgment. On May 5, 1913, this action was instituted.

The complaint sets forth two causes of action. The first cause seeks to recover from the stockholders upon their alleged liability under Rev. Codes, sec. 2979, as re-enacted 1911 Sess. Laws, c. 124, sec. 35. The second cause of action is based upon the alleged withdrawal of the assets of the corporation and their distribution among the individual stockholders while the debt here in question was subsisting, outstanding and unpaid. At the close of the appellant's testimony the trial court entered a judgment of nonsuit upon the

following grounds: As to the first cause of action, that Rev. Codes, sec. 2979, *supra*, is in violation of sec. 17, art. 11, of the constitution of the state of Idaho; that the second cause of action is barred by the statute of limitations. This appeal is from the judgment.

It should be borne in mind that while appellant seeks in his first cause of action to recover upon an alleged statutory liability, the allegations in this cause of action are such as to defeat his right, if any, to recover upon this theory. It is alleged therein that the stockholders withdrew all of the assets from the corporation and distributed them *pro rata* among themselves. It appears, according to these allegations, that there were 140 shares, the several owners of which, the respondents herein, partook of the assets to the extent of $125 per share. Taking the facts thus alleged as true, there are two legal propositions which, considered together, operate to defeat this cause of action. In the first place it may be stated as a general rule that where a creditor seeks to enforce against a stockholder an individual statutory liability, he must first exhaust his remedy against the corporation. (10 Cyc. 724, 728; *Swan Land & Cattle Co. v. Frank,* 39 Fed. 456.) In the second place, Rev. Codes, sec. 2732, as amended Sess. Laws 1909, p. 159, makes such withdrawal and distribution of the assets unlawful. Such action of the stockholders and directors of the bank was void as to existing creditors. (*Martin v. Zellerbach,* 38 Cal. 300, 99 Am. Dec. 365.) The assets of the corporation constitute a trust fund for the payment of its debts, which cannot lawfully be divided up until after the creditors are paid. (10 Cyc. 654; *Chicago, M. & St. P. Ry. Co. v. Third Nat. Bank of Chicago,* 134 U. S. 276, 10 Sup. Ct. 550, 33 L. ed. 900; *Reid v. Eatonton Mfg. Co.,* 40 Ga. 98, 2 Am. Rep. 563; *Curran v. State of Arkansas,* 15 How. (U. S.) 304, 14 L. ed. 705; *Schley v. Dixon,* 24 Ga. 273, 71 Am. Dec. 121; *Chicago, R. I. & P. R. R. Co. v. Howard,* 7 Wall. (U. S.) 410, 19 L. ed. 117; *Baltimore & Ohio Tel. Co. v. Interstate Tel. Co.,* 54 Fed. 50, 4 C. C. A. 184; *Jahn v. Champagne Lbr. Co.,* 157 Fed. 407.) The corporation has never been dissolved, and so far as existing

creditors are concerned must be regarded as a going concern.

It is apparent from what has been said that the assets of the corporation under the allegations of the first cause of action are more than ample to pay the debt here involved. It is therefore unnecessary for us to determine what, if any, statutory liability might exist, since in any event no such liability can exist in this case under the allegations of the first cause of action, for the reason that it affirmatively appears therein that the assets of the corporation have not been exhausted. Therefore, as to the first cause of action the motion was properly sustained because no cause of action was stated.

We come now to a consideration of the second cause of action. What has already been said touching the action of the stockholders in dividing up the assets of the corporation unlawfully, and with reference to the trust fund doctrine, is. equally applicable here, but in this cause of action the receiver is proceeding properly to compel the stockholders to refund to him, as the legal and judicial representative of the corporation, sufficient of the funds so unlawfully withdrawn and distributed to satisfy the judgment in question. While the court sustained the motion for a nonsuit as to the second cause of action upon the ground that it is barred by the statute of limitations, it did not designate what section of the statute applied, but the motion was based and respondents are relying upon Rev. Codes, sec. 4053, subdivision 1 of sec. 4054, and sec. 4077, which are as follows:

"Sec. 4053: Within four years:

"An action upon a contract, obligation, or liability, not founded upon an instrument of writing.

"Sec. 4054. Within three years:

"1. An action upon a liability created by statute, other than a penalty or forfeiture; . . . .

"Sec. 4077. This title does not affect actions against directors or stockholders of a corporation to recover a penalty or forfeiture imposed, or to enforce a liability created by law; but such actions must be brought within three years after the discovery by the aggrieved party of the facts upon which

the penalty or forfeiture attached, or the liability was created.''

But in our opinion none of the foregoing sections applies. Rev. Codes, sec. 2732, as amended Sess. Laws 1909, p. 159, is as follows:

"Sec. 2732. The directors of corporations must not make dividends, except from the surplus profits arising from the business thereof; nor must they divide, withdraw, or pay to the stockholders, or any of them any part of the capital stock; nor must they reduce or increase the capital stock, except in this title specially provided. For a violation of the provisions of this Section, the directors, under whose administration the same may have occurred, except those who may have caused their dissent therefrom to be entered in the minutes of the meeting of the Board of Directors at the time, or those who were not present when the vote was taken, are, in their individual and private capacity, jointly and severally liable to the corporation and to the creditors thereof, in the event of dissolution, to the full amount of the capital stock so divided, withdrawn, paid out or reduced. There may, however, be a division and distribution of the capital stock of any corporation which remains after the payment of all its debts, upon its dissolution or the expiration of its term of existence.''

The supreme court of California, in construing sec. 309 of the California Civil Code, which is the same, so far as it fixes the liability of the directors, as Rev. Codes, sec. 2732, *supra,* has held that the inhibition therein created extends also to the stockholders, and prohibits them from receiving the assets of the corporation distributed in violation of sec. 309, *supra.* (*Kohl v. Lilienthal,* 81 Cal. 378, 20 Pac. 401, 22 Pac. 689, 6 L. R. A. 520.) It appears that the liability created by Rev. Codes, sec. 2732, *supra,* is in the first instance to the corporation, and that the directors are liable ''to the creditors thereof, in the event of dissolution.'' Clearly, then, as between the creditors and stockholders the liability of the latter is a secondary liability. (Thompson on Corporations, 2d ed., par. 5361; *Andrew v. Vanderbilt,* 37 Hun (N. Y.), 468.)

The creditor must exhaust his remedy against the corporation and the corporation, or its receiver, as in this case, must exhaust its remedy for the benefit of the creditor against the stockholders, and, as already noticed, since their action in dividing up the assets was absolutely void as to existing creditors, the funds thus distributed must be regarded as still a portion of the assets of the corporation or as held in trust by such stockholders for the liquidation of its debts. In any event, the statute could not begin to run against this judgment creditor until he had notice that the assets of the corporation were not sufficient to satisfy his debt. (*Watkins v. Wilhoit,* 4 Cal. Unrep. 450, 35 Pac. 646; *Taylor v. Bowker,* 111 U. S. 110, 4 Sup. Ct. 397, 28 L. ed. 368; *Rose v. Dunklee,* 12 Colo. App. 403, 56 Pac. 342.) The assignee of the judgment had no notice of the void action of the stockholders in distributing the assets until after his execution was returned unsatisfied, and as this action was begun within a few months thereafter, it is unnecessary to determine what statute of limitations might apply as the action could not be barred under any of the sections relied upon by respondents. But if it should be held that this action be one by the receiver on behalf of the corporation and not on behalf of its creditor, the statute would not begin to run until the withdrawal and division of the assets of the corporation, and this was not done until October 10, 1910. The action, therefore, could not be barred under any of the sections of the statute so relied upon.

Considering the case upon any of the theories advanced, it is clear that the defense of the statute of limitations is unavailable. Other errors assigned are without merit.

The action of the trial court in sustaining the motion for a nonsuit as to the second cause of action was therefore erroneous. The judgment is reversed and a new trial granted. Costs are awarded to appellant.

Morgan and Rice, JJ., concur.