STOKES v. WILLIAMS et al.

(Circuit Court of Appeals, Third Circuit. February 27, 1918.)

No. 2298.

1. RECEIVERS ⊚170—ACTIONS AGAINST—DEFENSES—LIMITATION.
   While it is the general rule that the defense of the statute of limitations, though personal to a corporation, passes to its receivers, such rule is based in principle on the fact that the receivers represent the interests of the corporation, its stockholders, and creditors, and succeed to the defense for the protection of those interests; and where by reason of peculiar circumstances the receivers do not represent such interests, the rule does not apply.

2. RECEIVERS ⊚170—ACTIONS AGAINST—DEFENSES—LIMITATION.
   A committee of creditors purchased from receivers the property of a corporation, except its credits and cash, for a sum represented as more than sufficient, with the assets retained, to pay all the debts of the corporation. The purchase, however, was subject to the condition that any surplus remaining after such payment should be returned to the committee. Held that, assuming that the assets so secured were sufficient to pay all the corporation's debts, the receivers could not set up the defense of limitation to an otherwise valid claim against the corporation, since such defense was not for the protection of the corporation or its property, but solely for the benefit of the purchasing committee.

3. LIMITATION OF ACTIONS ⊚148(4)—ACKNOWLEDGMENT OR NEW PROMISE—SUFFICIENCY.
   The statute of limitations of New Jersey (3 Comp. St. N. J. 1910, p. 3167, § 10) provides that "no acknowledgment or promise by words only

⊚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

shall be deemed sufficient evidence of a new or continuing contract whereby to take any case out of the operation of this act * * * unless such acknowledgment or promise shall be made or continued by or in some writing to be signed by the party chargeable thereby." A corporation declared a dividend on its preferred stock, which was paid to all stockholders, except claimant. A year later the corporation wrote claimant a letter as follows: "The executive committee took up the question of payment to you of the dividend on the preferred stock, and decided that, owing to the present money conditions, it would be unwise, from the company's standpoint, to make any payment at this time." *Held*, that such letter was an unqualified acknowledgment of an antecedent indebtedness, and that such acknowledgment carried with it by implication a promise to pay which was sufficient to raise the bar of the statute.

Appeal from the District Court of the United States for the District of New Jersey; Thos. G. Haight, Judge.

Appeal in equity by William E. D. Stokes from an order disallowing his claim against the Standard Plunger Elevator Company, Howard H. Williams and Albert C. Wall, as receivers, and others. Reversed.

Charles L. Craig, of New York City, for appellant.

Howard H. Williams, of New York City, and Albert C. Wall, of Jersey City, N. J., for appellees.

Before McPHERSON and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. The claimant filed two claims against the defendant corporation. The receivers rejected both as barred by the Statute of Limitations of New Jersey. On exceptions, the District Court referred the question of allowance to a master. He sustained the receivers. On exceptions again, the District Court affirmed the master, and the claimant took this appeal.

[1] *Claim 1.* The first claim is for $9,258.15, and is not disputed. As the indebtedness is more than six years overdue and is not revived by a written acknowledgment or promise to pay, it is conceded that the claim is barred by the New Jersey statute if the defence of the statute of limitations is available to the receivers in this case. The learned trial judge held that a receiver succeeds to all defences of the corporation, and, accordingly, the defence of the statute of limitations was here available to the receivers and barred recovery on the claim.

But the facts of this case are peculiar, and give the question a turn, which requires, we think, something more than a consideration in the abstract of what defences are available to receivers. We do not question the general rule that the defence of the statute of limitations, though personal to a corporation, passes to its receivers, and is available to them in caring for and protecting the interests of the corporation, its stockholders, and creditors. In fact, we freely recognize the rule; but in doing so we recognize also that the rule is based in principle on the protection which the law intends to afford those whom the receivers represent. Whom do the receivers represent in this case? It is on the answer to this question that the peculiarity of the facts of this case has a bearing.

[2] A conflict between stockholders of the Standard Plunger Elevator Company, which had long been waged, culminated in the ap-

pointment of receivers and an order for the sale of its property. The validity of the order and subsequent sale was the subject of litigation previously in this court. Stokes et al. v. Williams et al., 226 Fed. 148, 141 C. C. A. 146.

The corporation's assets were of a character that did not invite extensive bidding. A committee of creditors, composing or representing one faction of stockholders in the corporation controversy, offered to purchase all assets of the corporation, excepting its accounts and bills receivable and cash, for the sum of $250,000. The proposed purchase price and the assets to be retained, it was represented, together amounted to a sum exceeding all the corporation's debts. This offer was opposed by creditors and stockholders of the corporation comprising the other faction to the controversy; but, as they had nothing better to offer, the court ordered the sale on the offer made. At the sale, the committee purchased the corporation's property pursuant to its offer, and the sale was confirmed. 226 Fed. 148, 141 C. C. A. 146.

So far, there was nothing very unusual in the transaction; but the committee's bid, on which the sale was ordered, contained a peculiar feature, which has, we think, a controlling bearing on the question now before us. This was a provision or rather a condition, that any excess of the purchase price over and above the claims approved and allowed, should be returned to the purchasing committee. Assuming as we do the correctness of the representation that the purchase price when added to the assets retained will more than pay all the corporation's debts (that being the representation which induced the court to order the sale, and afterward to confirm it), the net results of the sale made upon the offer containing this drawback, are, first, that there will be money enough to pay all creditors in full; second, that no money whatever will be paid stockholders; and, third, that some part of the purchase price will be returned to the committee.

As these facts make the case, we must find the person, natural or artificial, for whom the receivers were acting when they rejected the claim on the statute of limitations.

Manifestly, they were not acting for the corporation's stockholders, because the receivership funds could not under the terms of purchase reach them in any event. They were not acting for the corporation's creditors, because they had already been protected by the size of the purchase price. Were they acting then for the corporation in its purely impersonal artificial sense? The allowance or disallowance of the claim was a matter of entire indifference to the corporation. Its allowance would take nothing from the corporation; it would simply diminish the balance of the purchase price to be returned to the committee. Its disallowance would add nothing to the funds of the corporation, its stockholders, or creditors; it would simply increase the balance of the purchase price to be returned to the committee.

If the claim had been asserted against the corporation before receivership, the corporation's property would have been liable for the payment of its debt. This liability, the corporation could have protected of course by the defence of the statute of limitations. But the defence as here pleaded on the claim filed against the receivers, is not

for the protection of the corporation's property but is for the protection of the committee's property as represented by the balance to be returned to it. When the corporation ceased to be liable to respond with its property for the payment of its debt, it ceased to be entitled to the defence of the statute. It occurs to us that a defence which is purely personal to the corporation and is afforded it solely for the protection of its property cannot pass to its receivers to be employed by them for the protection of the property of another. That the defence if sustained will inure solely to the protection of the committee is clear. Then it must be that the receivers pleaded the statute for the committee. If so, then certainly, a defence which the law affords the corporation cannot be pleaded for a person or a body of persons that has not in any sense succeeded to the corporation or to any of its rights, and has no relation to the corporation other than that of purchaser of its assets.

We are of opinion, that, under the facts of this case, the plea of the statute of limitations is not available to the receivers in defending the claim in question, unless, indeed, the allowance of the claim, in consequence of the withdrawal of the defence of the statute, should so diminish the fund that all other creditors would not receive payment of their claims in full, in conformity with the representation upon which the bid of the committee was made and accepted and upon which the sale was ordered and confirmed. In such an event, we hold the defence would be available to the receivers to the extent necessary to protect the corporation's liability and to conserve the funds in the hands of the receivers to the payment in full of the corporation's debts, but not to protect any balance payable to the purchasing committee under the rebate provision of its bid

[3] *Claim 2.* The second claim is for an unpaid dividend amounting to $3,666. This claim went through the same legal procedure as the first and was ultimately rejected on several grounds, of which we think, but two are substantial enough to require mention, and of these, but one calls for discussion. We believe there is no difference between this claim and the first in the reasoning by which we have held that the defence of the statute of limitations is not available to the receivers, yet we prefer to decide the appeal on the question upon which it was argued and decided below. This involves the interpretation of a letter written by the defendant corporation and offered as evidence of a new promise to remove the bar of the Statute of Limitations of New Jersey, and to satisfy the requirements of the statute, that, "no acknowledgment or promise by words only, shall be deemed sufficient evidence of a new or continuing contract, whereby to take any case out of the operation of this act, or to deprive any person of the benefit thereof, unless such acknowledgment or promise shall be made or continued by or in some writing to be signed by the party chargeable thereby." 3 Comp. St. 1910, p. 3167, § 10. Parker v. Butterworth, 46 N. J. Law, 244, 245, 50 Am. Rep. 407; Hewes v. Hurff, 69 N. J. Law, 263, 55 Atl. 275.

The letter offered as a distinct and unqualified acknowledgment of the existing obligation bears date April 30, 1908, and is as follows:

"The Executive Committee took up the question of payment to you of the dividend on the preferred stock and decided that owing to the present money conditions, it would be unwise, from the company's standpoint, to make any payment at this time."

This letter calls for construction, but construction in the light of facts that are not disputed. These are: (1) That a dividend was declared on May 1, 1907; (2) that the dividend was paid, directly or indirectly, to all stockholders excepting to the claimant; (3) that the claimant's share in the dividend was not paid him; and, (4) that by the declaration of the dividend, the corporation became indebted to the claimant. In this state of facts the letter was written. While the master conceded that the dividend referred to in the letter was the dividend that had previously been declared, the court rather regarded the dividend mentioned in the letter as a dividend yet to be declared, both, agreeing, however, that the writing did not constitute an unqualified acknowledgement of the debt, implying an unconditional promise to pay it, within the meaning of the New Jersey cases.

We can readily dispose of any question as to whether the promise, if one is implied, was conditional or unconditional, because, if unconditional, it is sufficient, and if conditional, the evidence shows the happening of the event upon which the condition was made.

As we read the writing, we do not gather the impression that the writer was speaking of the inadvisability of *declaring* a dividend, for language naturally to be employed to convey the meaning of future action would be very different from that actually used. What the writer said was, that the committee had taken up the question "of *payment* * * * of *the* dividend on the *preferred stock*" (which is *the stock* on which *a* dividend *had been declared* and which had not been *paid* to the addressee of the letter), and had taken up also the question of "payment *to you* of the dividend," not of the *declaration* of a dividend to stockholders generally. The conclusion of the paragraph, in which the writer refers to the unwisdom, in "the *present money conditions* * * * to make any *payment at this time*," does not suggest the idea that payment was declined, nor does it negative the idea that payment would be made at some time. While the writing is of a character that admits of diverse interpretations, our construction is that it relates to an antecedent debt, that it unqualifiedly acknowledges the existence of the debt, and that the acknowledgment embodies the implication of a promise to pay.

We are of opinion, therefore, that the writing raises the bar of the statute of limitations and allows the claimant to prosecute his claim.

We direct that the order of the court be reversed and the claimant be allowed to proceed with proof of his two claims in conformity with this opinion.