(December 15, 1921.)

STEPHEN A. COPPINGER et al., Appellants, v. LEWISTON TERMINAL CO. et al., LEWISTON–CLARKSTON TRANSIT CO. et al., Respondents.

[203 Pac. 1068.]

CORPORATION—CAPITAL STOCK—DISTRIBUTION.

    No distribution of the capital stock can be made to the stockholders of a corporation until the debts, if any, of such corporation have been paid.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. W. N. Scales, Judge.

Action by stockholders to compel the issuance to them of certificates of stock. *Affirmed.*

Daniel Needham, for Appellants.

The terminal company, having sold and transferred all its corporate property and franchise to construct and oper-

ate a street-car railway system, has abandoned the purpose for which it was organized, and the preferred capital stock received in full payment therefor should be distributed ratably among its stockholders who are willing to accept their *pro rata* shares of said stock.    (Sec. 667, Cook on Stock and Stockholders, 2d ed.; *Kohl v. Lilienthal*, 81 Cal. 378, 20 Pac. 401, 22 Pac. 689, 6 L. R. A. 520; *Buford v. Keokuk Northern Line Packet Co.*, 3 Mo. App. 159; *Black v. Delaware etc. Canal Co.*, 22 N. J. Eq. 130; *Bradt v. Benedict*, 17 N. Y. 93; 10 Cyc. 1300; *Treadwell v. Salisbury Mfg. Co.*, 7 Gray (Mass.), 393, 66 Am. Dec. 490.)

Charles H. Chance and Eugene A. Cox, for Respondents, cite no authorities on point decided.

DUNN, J.—The Lewiston Terminal Company was incorporated in March, 1909, with an authorized capital stock of $100,000, with shares of the par value of $100, for the purpose of building and operating a street railway system in the city of Lewiston.    Shares in said company were sold and fully paid to the amount of $45,051.23 and said Terminal Company operated street-car lines in said city until about the first of May, 1915, when it sold and transferred all of its street railway properties and franchises to the Lewiston-Clarkston Transit Company, receiving therefor 400 shares of preferred stock of said transit company of the par value of $40,000.

This action was brought by appellant Coppinger on behalf of himself and about thirty other stockholders in said terminal company to compel the issuance to them of certificates of stock in said terminal company according to their several interests and to compel said transit company to issue to said parties preferred stock in said transit company in such amounts as their stock in the terminal company might entitle them to receive out of the 400 shares of preferred stock in the transit company issued to said terminal company as the purchase price of the property and franchises of the terminal company.    In other words, it was the pur-

pose of this action to compel the terminal company to distribute its capital stock to its stockholders, said 400 shares of preferred stock being the sole asset of said terminal company.

On the trial of the case the district court entered its decree dismissing the action as to all defendants except Lewiston Terminal Company and ordered that the officers of said terminal company deliver shares of stock in said company to the several stockholders thereof who had fully paid therefor as and when such stockholders should make application for such delivery.

Many errors are assigned by appellants, but we think it unnecessary to examine them. The complaint clearly fails to state a cause of action for the distribution of said 400 shares of transit company preferred stock. If appellants are entitled to any portion thereof, which we do not decide, they would be entitled only to their proportion after the payment of the debts, if any, of the terminal company. To distribute them otherwise is forbidden by the law of this state. (C. S., sec. 4715; *Weil v. Defenbach,* 31 Ida. 258, 170 Pac. 103.)

The relief granted to appellant and his associates in this action was all that they were entitled to under their complaint.

Judgment affirmed, with costs to respondents.

Rice, C. J., and Budge, McCarthy and Lee, JJ., concur.

Petition for rehearing denied.