(August 5, 1922.)

IGNATZ WEIL, Receiver of the TRADERS' STATE
BANK, Respondent, v. B. S. DEFENBACH, RUFUS
JACKSON, W. F. WHITAKER, E. DRIESBACH,
W. A. BERND, ROBERT GRIMES and R. N. JACK-
SON, Appellants.

[208 Pac. 1025.]

APPEAL AND ERROR—LAW OF THE CASE—JUDGMENTS—COLLATERAL AT-
TACK — CORPORATIONS — OFFICERS AND DIRECTORS — LIABILITY OF
STOCKHOLDERS TO WHOM ASSETS HAVE BEEN WRONGFULLY DISTRIB-
UTED—CONCLUSIVENESS OF JUDGMENT AGAINST CORPORATION UPON
A STOCKHOLDER—STATUTE OF LIMITATIONS.

1. The doctrine of the law of the case is not binding upon this
court upon second appeal beyond the points of law actually de-
cided upon the former appeal and those necessarily involved in
the decision actually made.

2. A void judgment is subject to collateral attack.

3. Where a judgment of a court of general jurisdiction is at-
tacked collaterally upon the ground that the court did not have
jurisdiction of the person, a recital in the judgment of the juris-
dictional facts is conclusive unless contradicted by other portions
of the record.

4. The directors and officers of a corporation last duly elected
remain as such until they resign or are removed or the corpora-
tion has been legally dissolved or has forfeited its charter.

5. The appointment of a receiver of a corporation cannot be
attacked collaterally unless it be shown that the order making the
appointment was absolutely void. The district court has power to
appoint a receiver for an insolvent corporation and power to de-
cide whether facts existed which authorized such appointment.
The appointment of a receiver for a corporation found to be in-
solvent is not void.

6. The liability of a stockholder of a corporation to return to
it for the benefit of its creditors assets which he has wrongfully
received in contravention of the provisions of C. S., sec. 4715, is
a liability created by law.

7. C. S., sec. 6630, provides for the time within which an ac-
tion must be commenced against a stockholder of a corporation to

recover assets thereof which have been wrongfully distributed to him.

8. Where an action is brought by a receiver of a corporation against a stockholder to recover sufficient assets to pay a specified judgment and no more, the party aggrieved under C. S., sec. 6630, is the judgment creditor.

9. Final judgment against a corporation is conclusive upon a stockholder in an action brought against him to recover assets of the corporation which have been improperly distributed, as to all matters which might have been urged by the corporation as a defense thereto, unless the stockholder can show fraud or collusion on the part of the directors of the corporation in permitting the judgment to be entered.

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. R. N. Dunn, Judge.

Action by receiver to recover assets of a corporation wrongfully distributed to a stockholder. Judgment for receiver. *Affirmed.*

G. H. Martin and E. W. Wheelan, for Appellants.

The proof conclusively establishes that Defenbach was not the president of the Traders' State Bank at the time service is claimed to have been made. Service on him could not support a judgment against the corporation that would be conclusive or binding upon the former stockholders, the defendants having all parted with their stock in the Traders' State Bank in October, 1910. (C. S., sec. 5226; *Sturges v. Vanderbilt,* 73 N. Y. 384; *Buchanan v. Prospect Park Hotel Co.,* 14 Misc. Rep. 435, 35 N. Y. Supp. 712; *Lippman v. Kehoe Stenograph Co.,* 11 Del. Ch. 190, 98 Atl. 943; *Wright v. First Nat. Bank,* 52 N. J. Eq. 392, 28 Atl. 719; *Chemical Nat. Bank of New York v. Colwell,* 132 N. Y. 250, 30 N. E. 644; *Beardsley v. Johnson,* 121 N. Y. 224, 24 N. E. 380; *Oudin & Bergman Fire Clay Min. & Mfg. Co. v. Conlan,* 34 Wash. 216, 75 Pac. 798; *Stanton v. Gilpin,* 38 Wash. 191, 80 Pac. 290.)

Even in jurisdictions where the judgment against the corporation is conclusive against the stockholders the rule is applicable only in cases where service is made on an officer of the corporation during the time that the corporation is actively engaged in business, and not after the corporation has ceased to do any business and the alleged officer no longer represents the corporation. (*Schrader v. Manufacturers' Nat. Bank,* 133 U. S. 67, 10 Sup. Ct. 238, 33 L. ed. 564, citing *Moss v. McCullough,* 5 Hill (N. Y.), 131; *Miller v. White,* 50 N. Y. 137; *McMahon v. Macy,* 51 N. Y. 155; *Trippe v. Huncheon,* 82 Ind. 307; *Stanton v. Gilpin, supra.*)

The appointment of the plaintiff as receiver is void, the statutes of Idaho having provided an exclusive remedy for the liquidation of state banks. (C. S., secs. 5293, 5295, 5297, 5304; *State v. Title Guaranty & Surety Co.,* 27 Ida. 752, 152 Pac. 189; 2 Tardy's Smith on Receivers, p. 1254, sec. 441; *Koch v. Missouri-Lincoln Trust Co.* (Mo.), 181 S. W. 44; *People v. Superior Court,* 100 Cal. 105, 34 Pac. 492; *Craughwell v. Mousam River Trust Co.,* 113 Me. 531, 95 Atl. 221.)

As this action was not commenced until May 5, 1913, the right of the plaintiff to recover for capital assets distributed in November, 1908, is barred by his laches and the statutes of limitations. (C. S., secs. 6610, 6611, 6614.)

The only thing that falls within the law of the case is the one rule announced in the former opinion that as to the distribution of assets in October, 1910, the statute of limitations had not run. (*Wostl v. Montana Union Ry. Co.,* 24 Mont. 159, 61 Pac. 9; *Herriman Irr. Co. v. Keel,* 25 Utah, 96, 69 Pac. 719; *Allen v. Bryant,* 155 Cal. 256, 100 Pac. 704; *Mutual Life Ins. Co. v. Hill,* 193 U. S. 551, 24 Sup. Ct. 538, 48 L. ed. 788; *Hastings v. Foxworthy,* 45 Neb. 676, 63 N. W. 955, 34 L. R. A. 321; *Lorimer v. Fairchild,* 68 Kan. 328, 75 Pac. 124; *Board of School Directors v. Asheville,* 137 N. C. 503, 50 S. E. 279.)

A judgment void for want of jurisdiction is open to contradiction or impeachment in a collateral proceeding. (23 Cyc. 1073, 1074, and cases cited; 15 R. C. L. 840, 844.)

Where the court does not have jurisdiction of the person that fact may be shown by any competent evidence. (15 R. C. L. 846–848.)

Ezra R. Whitla, for Respondent.

Every fact which existed and every proposition of law which should have been submitted upon the former appeal is now settled. The first appeal having decided these questions, the law of the case is settled and this court will only decide any new questions since arising. (4 C. J. 1093; *Hall v. Blackman,* 9 Ida. 555, 75 Pac. 608; *Palmer v. Utah & Northern Ry. Co.,* 2 Ida. 382, 16 Pac. 553; *Westerfeld v. New York Life Ins. Co.,* 157 Cal. 339, 107 Pac. 699.)

This rule applies to practically every kind of an appeal, whether upon the merits, nonsuit or questions of proceeding. (*Strehlau v. John Schroeder Lbr. Co.,* 152 Wis. 589, 142 N. W. 120, 48 L. R. A., N. S., 464.)

If the matters attempted to be presented in the second appeal arose prior to the first appeal and appeared in the original record, or should have been presented by the original record, the court is just as much estopped from taking them up as if they had been squarely presented. (*Benbow v. The James John,* 61 Or. 153, 121 Pac. 899; *Perrault v. Emporium Department Store Co.,* 83 Wash. 578, 145 Pac. 438; *Lutien v. City of Kewaunee,* 151 Wis. 607, 139 N. W. 312.)

"Where a prior appeal was taken in an action in which a receiver was appointed and no objection was made thereon to such appointment, no objection to the propriety or regularity of such appointment could be made on a subsequent appeal." (*Clark v. Brown,* 119 Fed. 130, 57 C. C. A. 76; *Dunshee v. Standard Oil Co.,* 165 Iowa, 625, 146 N. W. 830; *Jordan v. Northwestern Electric Equipment Co.,* 117 Minn. 209, 135 N. W. 529.)

"A judgment of the district court, having jurisdiction of the subject matter of the action, unless void on its face or on inspection of the judgment-roll, is not open to collateral

attack.'' (*Burke v. Inter-State Savings & Loan Assn.,* 25 Mont. 315, 87 Am. St. 416, 64 Pac. 879; *Morrill v. Morrill,* 20 Or. 96, 23 Am. St. 95, 25 Pac. 362, 11 L. R. A. 155; *Haupt v. Simington,* 27 Mont. 480, 94 Am. St. 839, 71 Pac. 672.)

Where any evidence *dehors* the record is attempted to be introduced, it becomes a collateral attack. (*Ex parte Sternes,* 77 Cal. 156, 11 Am. St. 251, 19 Pac. 275; *Culley v. Shirk,* 131 Ind. 76, 31 Am. St. 414, 30 N. E. 882.)

''Fact that the judgment is void must appear upon the face of the record.'' (*O'Neill v. Potvin,* 13 Ida. 721, 93 Pac. 20.)

''The sheriff's return is not traversable and the court will not permit it to be attacked collaterally even if the officer is shown to have been guilty of fraud and collusion.'' (*Egery v. Buchanan,* 5 Cal. 53; *Johnson v. Mead,* 73 Mich. 326, 41 N. W. 487; *Thomas v. Ireland,* 88 Ky. 581, 21 Am. St. 356, 11 S. W. 653; *Michels v. Stork,* 52 Mich. 260, 17 N. W. 833.)

In domestic judgments where the court finds the fact of service this is conclusive. (*Pettis v. Johnston,* 78 Okl. 277, 190 Pac. 681; *Crist v. Cosby,* 11 Okl. 635, 69 Pac. 885.)

''Where the court judicially considers and adjudicates the question of its jurisdiction, and decides that the facts exist which are necessary to give it jurisdiction of the case, the finding is conclusive and cannot be controverted in a collateral proceeding.'' (23 Cyc. 1086, 1088; *White v. Crow,* 110 U. S. 183, 4 Sup. Ct. 71, 28 L. ed. 113; 1 Black on Judgments, 2d ed., par. 275; *Blackwell v. McCall,* 54 Okl. 96, 153 Pac. 815; *Lancaster v. Snow,* 184 Ill. 534, 56 N. E. 813; *Bruce v. Osgood,* 154 Ind. 375, 56 N. E. 25; *Ketchum v. White,* 72 Iowa, 193, 33 N. W. 627; 15 R. C. L. 888, 893.)

A judgment against a corporation is conclusive against the stockholders. It conclusively settles the liability of the corporation as well as the validity of the claim and cannot thereafter be contested in any subsequent proceedings. (Thompson on Corporations, par. 4970; *Glenn v. Springs,*

26 Fed. 494; *Powell v. Oregonian Ry. Co.*, 38 Fed. 187, 13 Sawy. 543; *Irvine v. Putnam*, 167 Fed. 174.)

The appointment of the receiver was a direct issue on the former hearing and if counsel did not present the matter then as fully as desired, he cannot do so now. (*Clark v. Brown*, 119 Fed. 130, 57 C. C. A. 76.)

The statute of limitations was fully discussed and disposed of in *Weil v. Defenbach*, 31 Ida. 258, 170 Pac. 103.

RICE, C. J.—This cause was considered by this court on a former appeal. (*Weil v. Defenbach*, 31 Ida. 258, 170 Pac. 103.) Reference is made to the former opinion for a statement of the facts. In addition to the facts therein set forth the record shows that in November, 1908, the Traders' State Bank of Sandpoint transferred the principal part of its assets to the Citizens' State Bank of the same place, in consideration of which the latter bank agreed to pay the depositors and obligations of the former, and also issued its capital stock to the amount of $14,000 directly to the stockholders of the Traders' State Bank in proportion to their interest therein. This was true with the exception of appellant Defenbach, who assigned to one Brewer his interest in the Citizens' State Bank. The effect of this assignment will be considered later in this opinion. After the cause was remanded upon the former appeal it was tried and judgment entered in favor of the receiver and against the appellants. This appeal is from the judgment.

Respondent contends that every fact which existed and every proposition of law which should have been submitted upon the former appeal is now settled and will not again be heard by this court. In the cases of *Hall v. Blackman*, 9 Ida. 555, 75 Pac. 608, *Palmer v. Utah etc. Ry. Co.*, 2 Ida. 382, 16 Pac. 553, and *Lindsay v. People*, 1 Ida. 438, this court recognized the doctrine of the law of the case, but this doctrine should not be extended beyond the points of law actually decided upon the former appeal, and those necessarily involved in the decision actually made. (2 R. C. L. 226–228.)

On the former appeal the points actually decided which may be considered the law of the case on this appeal were, first, that the judgment of nonsuit as to respondent's first cause of action was properly entered. That question was finally adjudicated. It was next decided that the allegations contained in the second cause of action stated facts sufficient to constitute a cause of action, and that if the action be regarded as one on behalf of a creditor the statute of limitations could not begin to run against the creditor until he had notice that the assets of the corporation were not sufficient to satisfy his debts, but if the action were one by the receiver on behalf of the corporation, and not on behalf of its creditors, the statute would not begin to run until the withdrawal of the assets of the corporation, and that in neither event was the action barred under any of the sections of the statute relied upon. It should be noticed that it is stated in the former opinion that the division of the assets occurred on October 10, 1910. We will proceed, therefore, to examine the specifications of error in the light of the former decision in this case as above outlined.

It is first contended that the judgment in the case of *Churchill v. Traders' State Bank* was void, in that the summons and complaint were not served on the Traders' State Bank at any time or at all. This contention is based upon the fact that Mr. Defenbach, who was named in the sheriff's return as the person upon whom the summons was served and as president of the Traders' State Bank, denied upon the witness-stand that he was served with summons at any time or place. This is a collateral attack upon the judgment. A void judgment is subject to collateral attack, and a judgment entered without jurisdiction of the person is void. It is generally held, however, that where a judgment of a court of general jurisdiction contains recitals as to the jurisdictional facts, these are deemed to import absolute verity unless contradicted by other portions of the record. There is a conflict in the authorities as to the evidence which may be received to show want of jurisdiction upon a collateral attack. (See 15 R. C. L., p. 893,

sec. 373.) In that section it is stated: "So where the judgment contains recitals as to the jurisdictional facts these are deemed to import absolute verity unless contradicted by other portions of the record. Consequently such a judgment cannot be collaterally attacked in courts of the same state by showing facts *aliunde* the record, although such facts might be sufficient to impeach the judgment in a direct proceeding against it. The validity of a judgment when collaterally attacked must be tried by an inspection of the judgment-roll alone, and no other or further evidence on the subject is admissible, not even evidence that no notice had been given."

For the contrary view, see *Ferguson v. Crawford,* 70 N. Y. 253, 26 Am. Rep. 589.

This court has adopted the view expressed in the foregoing quotation from R. C. L. In the case of *O'Neill v. Potvin,* 13 Ida. 721, 93 Pac. 20, the court said: "We therefore conclude that this action is a collateral attack on the judgment of a court of general jurisdiction. That being true, the fact that the judgment is void must appear upon the face of the record; that the record consists of the judgment-roll, and in the Malanfant case, the defendant was a nonresident of the state; service of summons was had by publication; that the judgment-roll in that case consisted of summons with the affidavit or proof of service and the complaint with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment; and on the face of that roll, it does appear that the court had jurisdiction." In any event, the matter is set at rest in this case by the finding of the court that the summons was duly issued, and that a copy of the same and the complaint were duly and regularly served upon said corporation, by delivering the same to and leaving a copy with Byron S. Defenbach, president of the Traders' State Bank, in Bonner county, Idaho, by the sheriff of that county, and that due return was made by the sheriff in said action upon due and personal service. The sheriff's return being *prima facie* evidence of the fact, the evidence was

sufficient to support the finding of the trial court.   (C. S., sec. 3598.)

It is next contended that even admitting that personal service was made upon Byron S. Defenbach it was not service upon the corporation, for the reason that Defenbach was not at the time a stockholder and therefore could not act as director or president of the corporation.   Mr. Defen bach testified that he sold and transferred his stock in the Traders' State Bank in the year 1908 to one Brewer.   He testified that Brewer was to take the stock in the Citizens' State Bank, but he retained his proportional interest in the assets of that bank remaining after the deal with the Citizens' State Bank was made.   The evidence further showed that thereafter, in 1910, Mr. Defenbach received his proportion of the remaining assets of the Traders' State Bank, his proportion being determined by the amount of stock he still held in that institution.   Under this state of the evidence, no conclusion can be reached except that Mr. Defenbach remained a stockholder of the Traders' State Bank, and transferred to Brewer only his right to receive the shares of the stock in the Citizens' State Bank which were issued at the time that bank took over a portion of the assets of the Traders' State Bank.   The last election of directors and officers of the Traders' State Bank occurred in March, 1908.   At that time Mr. Defenbach was elected president. He never resigned or was removed and the Traders' State Bank was never dissolved by legal proceedings.   Neither was it shown that it had forfeited its charter.   He therefore remained the president of the institution for all purposes relating to the business of that corporation.   (*Lucky Queen Min. Co v. Abraham,* 26 Or. 282, 38 Pac. 65; *Grant v. Elder,* 64 Colo. 104, 170 Pac. 198; 14a C. J. 72.)

It is next contended that the appointment of the receiver who instituted this action was void.   This also was a collateral attack upon the order of the court appointing a receiver, and can only be successfully urged by showing that the appointment was absolutely void.   The contention is based upon the banking laws of this state then in force,

and which provided that in case of insolvency of a bank the bank commissioner shall take over and have charge of liquidation of banks, and that such statute provided an exclusive remedy. Laws 1911, chap. 124, provided for the establishment of the state banking department, the chief officer of which was denominated "state bank commissioner." The department was charged with execution of the laws relating to banks and trust companies doing a banking business in this state. When the Traders' State Bank transferred its business to the Citizens' State Bank and ceased to do a banking business it was no longer under the supervision and control of the banking department. Its affairs were then governed by the general corporation laws of the state. There were no interests of depositors or others transacting banking business with such corporation to be protected by the bank commissioner. The district court had power to appoint a receiver for an insolvent corporation and power to decide whether facts existed which authorized the appointment. The appointment therefore was not void. (C. S., sec. 6817.)

Appellants specify as error the finding of the court that the action was not barred by the statute of limitations. The sections of the statute relied upon were those now numbered C. S., secs. 6610, 6611, subd. 1, and 6630. In our opinion section 6630 is controlling. It reads as follows: "This chapter does not affect actions against directors or stockholders of a corporation to recover a penalty or forfeiture imposed, or to enforce a liability created by law; but such actions must be brought within three years after the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached, or the liability was created."

The court found that Churchill "after the commencement of said action discovered for the first time that the defendants had divided all the assets of the Traders' State Bank among themselves and converted all the property of said bank to their own use." The liability of the stockholders to return to the corporation for the benefit of its creditors

assets which they have wrongfully received in contravention of the provisions of C. S., sec. 4715, is a liability created by law. There was no contractual obligation resting upon the stockholders to return the property either express or implied.

This action was instituted by the receiver. The order appointing the receiver limited his authority to collection "from the officers, directors and stockholders of said defendant corporation all the assets and moneys wrongfully received by them from said corporation . . . . sufficient to pay the judgment herein described and all costs in this action and all actions necessary to be instituted by said receiver, and that said receiver is given full power and authority to act in all matters necessary for the purpose of carrying into effect the judgment heretofore rendered in this action and of causing said judgment and costs of receivership to be fully paid and satisfied." For most purposes in connection with actions by or against a receiver, he may be said to stand in the shoes of the person or corporation for or of which he is the receiver, and in general this is true with reference to the application of the statute of limitations. In this case, however, the receiver cannot be said to represent merely the corporation and to be the party aggrieved within the meaning of the statute quoted above. The receiver's authority was limited to the collection of sufficient assets to pay the Churchill judgment. He has brought this action for the purpose of recovering such assets for the benefit of the judgment creditor alone. The judgment entered limited the amount of recovery to a sum sufficient to satisfy his judgment, together with the necessary costs and expenses incurred by the receiver. He was not authorized to collect any amount which might afterward be distributed to the stockholders of the corporation. The person aggrieved within the meaning of this statute is the creditor, and since this action was brought for his benefit, the statute did not run until three years after his discovery of the facts upon which the liability was created. Reference may be made to the case of *Stokes v. Williams*, 249

Fed. 114, 161 C. C. A. 166, which is instructive upon this point.

At the trial of the cause the defendants offered to prove by Mr. Whitaker that Churchill, who recovered judgment against the corporation, did not in fact have a cause of action against the corporation, and upon the facts he was not entitled to judgment. The offer was rejected by the trial court. In this the court did not err. Final judgment against a corporation is conclusive upon a stockholder in an action brought against him to recover the assets of the corporation which have been improperly distributed to him, as to all matters which might have been urged by the corporation as a defense thereto, unless he can show fraud or collusion on the part of the directors of the corporation in permitting this judgment to be entered. (14 C. J. 1061; 7 R. C. L. 420; *Coe v. Armour Fertilizer Works,* 237 U. S. 413, 35 Sup. Ct. 625, 59 L. ed. 1027; *Baines v. Babcock,* 95 Cal. 581, 29 Am. St. 158, 27 Pac. 674, 30 Pac. 776; *Silvain v. Benson,* 83 Wash. 271, 145 Pac. 175; *Robinson v. Phegley,* 84 Or. 124, 163 Pac. 1166.)

The judgment is affirmed, with costs to respondent.

Budge and McCarthy, JJ., concur.

Dunn, J., being disqualified, did not sit at the hearing or take part in the opinion.